IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BONNIE J. PASQUALE, on behalf of herself and all others similarly situated, | CIVIL ACTION |
|  | NO. _____ |
| Plaintiff, |  |
| v. | **(Document Filed Electronically on June 5, 2020)** |
| TROPICANA ATLANTIC CITY CORP. d/b/a TROPICANA CASINO RESORT, |  |
| Defendant. |  |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Bonnie J. Pasquale ("Plaintiff"), on behalf herself and all others similarly situated, brings this Collective Action Complaint against Tropicana Atlantic City Corp. d/b/a Tropicana Casino Resort ("Defendant"), and hereby states and alleges as follows:

## INTRODUCTION

1.      Plaintiff and all other similarly situated employees work or worked for Defendant, a casino located in Atlantic City, New Jersey.

2.      Pursuant to its casino-wide policies and procedures, Defendant failed to pay Plaintiff, and other similarly situated employees, the mandated federal minimum wage rate for all hours worked and overtime for all hours worked over 40 in a single workweek.

3.      In particular, Defendant's time-clock rounding policy, procedure, and practice is used in such a manner that it results, over a period of time, in the failure to compensate its employees properly for all time worked, including overtime hours.  In addition, Defendant failed to properly inform its tipped employees of the required tip credit provisions prior to paying a

sub-minimum direct cash wage.  Defendant also miscalculated its employees' regular rate of pay for overtime purposes, resulting in unpaid overtime compensation.

4.      Defendant's systemic violations of federal wage laws were willful.

5.      Plaintiff, individually and on behalf of all others similarly situated, brings this lawsuit as a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq*., to recover unpaid wages owed to Plaintiff and all other similarly situated workers employed by Defendant.

<u>JURISDICTION AND VENUE</u>

6.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  This Court possesses subject matter jurisdiction over Plaintiff's FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this judicial district and Defendant is subject to personal jurisdiction in this district.

<u>PARTIES</u>

8.      Plaintiff is an individual residing in Pleasantville, New Jersey.

9.      From approximately April 2015, through July 2018, Plaintiff was employed by Defendant at its casino property located at 2831 Boardwalk, Atlantic City, New Jersey 08401. During her employment, Plaintiff worked as a Table Games Dealer, which is an hourly, non-exempt position.  Plaintiff's executed Consent to Join pursuant 29 U.S.C. 216(b) is attached hereto and incorporated herein as Exhibit A.

10.      Defendant is a corporation organized under the laws of the State of New Jersey, with its principal place of business in Atlantic City, New Jersey.  Defendant is a wholly-owned

subsidiary of Tropicana Entertainment, Inc., which is the sole shareholder.

11.     At all relevant times, Defendant was the employer of Plaintiff, and all other similarly situated employees.

12.     At all times relevant to this action, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

13.     Plaintiff and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendant within the applicable limitations periods.

## OVERVIEW OF PLAINTIFF'S CLAIMS

### Defendant's Unlawful Time-Clock Rounding Violations

14.     Defendant utilizes a computerized system which tracks the exact time (by the minute) an hourly employee clocks in and clocks out of work.

15.     Even though Defendant maintains a system which records, to the minute, the time an employee clocks in and clocks out, Defendant utilizes a rounding system in computing payroll which rounds to the closest 15-minute interval.

16.     For example, an employee who clocks in between 7:53 a.m. and 8:07 a.m. will be treated by Defendant's payroll system as having clocked in at 8:00 a.m.

17.     Defendant utilizes the same rounding system for clock outs.

18.     For example, an employee who clocks out between 5:08 p.m. and 5:22 p.m. will be treated by Defendant's payroll system as having clocked out at 5:15 p.m.

19.     Viewed in a vacuum, the rounding system utilized by Defendant appears to neither favor Defendant nor its employees as Defendant utilizes the same rounding system when an employee clocks in or out.

20.     However, Defendant utilizes an attendance and/or disciplinary policy to alter the seemingly neutral rounding system in a manner which transforms Defendant's rounding system into a system that is substantially rigged in Defendant's favor.

21.     Pursuant to Defendant's policies, Plaintiff and all similarly situated employees are encouraged to clock in and commence work approximately 7 minutes before the start of their shift.

22.     Pursuant to Defendant's policies, Plaintiff and all similarly situated employees are subject to discipline if they clock in after the start of their shift.

23.     Pursuant to Defendant's policies, Plaintiff and all similarly situated employees may only clock out when authorized by their supervisor.

24.     As a result of Defendant's policies, Plaintiff and all similarly situated employees typically clock in and begin working within 7 minutes prior to the start of their shift.

25.     As a result of Defendant's policies, Plaintiff and all similarly situated employees do not typically clock in after the start of their shift, because if they do, they are subject to discipline.

26.     Per Defendant's rounding system, none of the pre-shift work (up to 7 minutes per day) is paid as Defendant round this time to the next 15-minute interval, the employees' official start time.

27.     Accordingly, at the start of an employee's shift, Defendant's rounding system is rigged in favor of Defendant because Defendant utilizes its attendance and/or disciplinary policies to ensure that, most of the time, the rounding which occurs at the start of the shift decreases the amount of compensable time Defendant pays its employees.

28.     Moreover, Plaintiff and all similarly situated employees, at the end of the day, are required to clock out no more than 7 minutes after the end of their shift.

29.     Plaintiff and all similarly situated employees do not typically leave work early; instead, they routinely leave work and clock out between the end of their shift and 7 minutes thereafter.  This makes sense because it is solely Defendant's decision as to when Plaintiff and all similarly situated employees are permitted to leave their workstations.  Because of this, Plaintiff and all similarly situated employees are unable to take advantage of the rounding system because they cannot decide to leave prior to the conclusion of their shift.

30.     Accordingly, at the end of an employee's shift, Defendant's rounding system is rigged in favor of Defendant because the rounding which occurs at the end of their shift decreases the amount of compensable time Defendant pays its employees.

31.     In sum, Defendant's time-clock rounding policy, procedure, and practice is used in such a manner that it results, over a period of time, in the failure to compensate its employees properly for all the time they have actually worked, including overtime wages.

32.     Defendant has no good faith basis to use such a rigged rounding system as its time clocks record the actual clock in and clock out times to at least a one-minute accuracy. Defendant has complete knowledge of all hours worked by Plaintiff and all similarly situated employees.

33.     Defendant's failure to pay this unpaid time has resulted in Plaintiff and all similarly situated employees being regularly denied proper compensation under the FLSA.

34.     Plaintiff and all similarly situated employees, in conformance with Defendant's clock-in and clock-out policies, and attendance and/or disciplinary policies, regularly clocked in and commenced work several minutes before the start of their shifts.

35.     Throughout Plaintiff's employment as a Table Games Dealer, she was paid a sub-minimum base wage for every hour worked.  Thus, during each workweek in which Defendant did not pay her for all hours worked due to its time-clock rounding policy, Plaintiff's regular rate of pay fell below the requisite federal minimum wage ($7.25/hour).  Because the amount Plaintiff was paid during each of those workweeks divided by the number of hours she actually worked resulted in an amount less than the statutory requirement, Defendant violated the federal minimum wage requirements.

36.     During those workweeks and others, Defendant's time-clock rounding policy caused Plaintiff and all similarly situated employees' wages to fall below the requisite federal minimum wage and/or caused them to incur overtime for which they were not compensated (for all hours worked over 40 in a single workweek).

### Defendant's Tip Credit Notice Violations

37.     Under the FLSA, an employer may, in certain circumstances, take a "tip credit" toward its federal minimum wage obligations for tipped employees.  Pursuant to the explicit language of the FLSA, a tip credit may not be taken "with respect to any tipped employee unless such employee has been informed by the employer of the provisions of [29 U.S.C. § 203(m)], and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."  29 U.S.C. § 203(m)(2).

38.     The federal regulations expand on the language of the FLSA by explaining as follows:

> [A]n employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: [1] The amount of the cash wage that is to be paid to the tipped employee by the employer; [2] the additional amount by which the

wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; [3] that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and [4] that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

*See* 29 C.F.R. § 531.59(b); *see also* U.S. Department of Labor, Wage and Hour Division, Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA).

39. Defendant employs Plaintiff and other similarly situated tipped employees and pays them a direct cash wage that is less than the FLSA's federal minimum wage ($7.25 per hour) but failed to notify them of the tip credit requirements of the FLSA prior to paying a sub-minimum direct cash wage. Despite this violation of the FLSA's tip credit notice provisions, Defendant has taken a tip credit toward its obligations to pay the federal minimum wage to Plaintiff and other similarly situated tipped employees. During the relevant time period, Plaintiff was paid a direct cash wage less than $7.25 per hour and Defendant improperly claimed a tip credit to bridge the gap between the direct cash wage and the required federal minimum wage. Thus, during Plaintiff's employment at Tropicana Casino Resort, Defendant failed to properly compensate Plaintiff for all hours worked at a rate equal to at least the required federal minimum wage.

40. Specifically, Plaintiff and other similarly situated employees are not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip

credit shall not apply to any employee who has not been informed of these requirements in this section.

41.     Likewise, when Defendant changes the amount of the tip credit it claims against its obligation to pay Plaintiff and other similarly situated employees the FLSA's required minimum wage, Defendant does not inform Plaintiff and other similarly situated employees of the change in the amount of the tip credit claimed, as is required and must be in writing. *See* 29 CFR § 516.28(a)(3) ("The amount per hour which the employer takes as a tip credit shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week.").

42.     Defendant's FLSA violations alleged herein were willful in that Defendant either knew of the specific FLSA requirements and prohibitions at issue at the time of the alleged violations and intentionally did not comply with them, or showed reckless disregard for the matter of whether its conduct violated the FLSA.

43.     As a result of Defendant's above-described FLSA violations, Plaintiff and other similarly situated employees are entitled to recover from Defendant during the applicable three-year limitations period the amount of the sum of (1) the tip credit taken (*i.e.*, the difference between the direct cash wage and the required federal minimum wage), (2) an additional equal amount as liquidated damages, and (3) a reasonable attorneys' fee and costs of this action.

### Defendant's Miscalculation of the Regular Rate for Tipped Employees

44.     The FLSA requires that employees receive overtime pay at a rate not less than one and one-half times the regular rate at which they are employed for all hours worked over 40 in a single workweek.

45.     The FLSA permits an employer to take a "tip credit" toward its minimum wage obligations for tipped employees equal to the difference between the required cash wage and the federal minimum wage.  Under federal law, a tipped employee must be paid a direct cash wage of at least $2.13 per hour.  Under federal law, if the hourly rate plus tips does not equal the applicable minimum wage per hour, the employer must make up the difference.

46.     However, where the employer takes the tip credit, overtime is calculated on the full minimum wage, not the sub-minimum direct hourly wage payment.  The employer may not take a larger tip credit for an overtime hour than for a straight time hour.

47.     In addition, "where a higher minimum wage than that set in the [FLSA] is applicable to an employee by virtue of … other legislation, the regular rate of the employee … cannot be lower than such applicable minimum, for the words 'regular rate at which he is employed' … must be construed to mean the regular rate at which he is lawfully employed."  29 C.F.R. § 778.5.

48.     Federal regulations provide that "a tipped employee's regular rate of pay includes the amount of tip credit taken by the employer … Any tips received by the employee in excess of the tip credit need not be included in the regular rate."  29 C.F.R. § 531.60.

49.     In calculating Plaintiff's and other similarly situated employees' overtime pay, Defendant first subtracted the tip credit from the applicable federal or state minimum wage.  In other words, Defendant calculated the overtime rate by multiplying one and one-half times the sub-minimum direct hourly wage being earned.  As a result, Plaintiff's and other similarly situated employees' overtime pay was not based on the proper regular rate of pay, resulting in violations of federal law in each week within the applicable limitations period in which Plaintiff and other similarly situated employees worked in excess of 40 hours in a workweek.

50.     For example, on her paycheck dated July 16, 2018 (pay date) – excerpted below, Defendant paid a direct cash wage of $5.10 per hour to Plaintiff.  During that pay period, Plaintiff received an overtime direct cash wage of $7.65 per hour, for 8.00 hours of overtime worked.



In violation of the FLSA, Defendant calculated Plaintiff's overtime rate on the sub-minimum direct cash wage, and not on the full minimum wage.  Defendant calculated the overtime rate by multiplying Plaintiff's sub-minimum direct cash wage of $5.10 by one and one-half, for an overtime rate of $7.65.  Assuming an applicable minimum wage of the federal minimum wage of $7.25 per hour, Plaintiff's proper overtime rate should have been $10.875 per hour ($7.25 per hour times one and one-half) if Defendant was not entitled to utilize a tip credit (Plaintiff has alleged herein that Defendant cannot claim a tip credit due to its non-compliance with the federal tip credit notice requirements), or, at the least, $8.725 per hour ($10.875 per hour minus a tip credit of $2.15) if Defendant was entitled to utilize a tip credit (which Plaintiff does not concede).  Either way, Plaintiff's overtime pay was not calculated based on the proper regular rate of pay as required by the FLSA, resulting in the underpayment of overtime wages.

51.     Defendant's improper calculation of overtime pay impacted Plaintiff and all other similarly situated employees in the same manner.  In doing so, Defendant failed to pay Plaintiff and all other similarly situated employees the proper overtime pay as required under federal law.

## COLLECTIVE ACTION ALLEGATIONS

52.     Plaintiff brings Count I, the FLSA claim arising out of Defendant's unlawful time-clock rounding policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective:

### FLSA Time-Clock Rounding Collective

All persons employed by Defendant in an hourly position during the relevant time period.

At present, the relevant time period includes the three-year period prior to the filing of this Collection Action Complaint and extends forward to the present.  The collective action class as defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties and/or Order of the Court.

53.     Plaintiff brings Count II, the FLSA claim arising out of Defendant's failure to comply with the FLSA's tip credit notice requirement, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective:

### FLSA Tip Credit Notice Collective

All persons employed by Defendant during the relevant time period and paid a direct cash wage of less than $7.25 per hour.

At present, the relevant time period includes the three-year period prior to the filing of this Collection Action Complaint and extends forward to the present.  The collective action class as defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties and/or Order of the Court.

54.     Plaintiff brings Count III, the FLSA claim arising out of Defendant's regular rate calculation policy resulting in unpaid overtime wages, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective:

### FLSA Miscalculated Regular Rate Collective

> All persons employed by Defendant during the relevant time period and paid a direct cash wage of less than $7.25 per hour.

At present, the relevant time period includes the three-year period prior to the filing of this Collection Action Complaint and extends forward to the present.  The collective action class as defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties and/or Order of the Court.

55.     Plaintiff's FLSA claims (Counts I-III) may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

56.     Plaintiff, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Defendant's above-described FLSA violations.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action and their right to participate through U.S. Mail, email, text message and posting.

### ALLEGATIONS APPLICABLE TO ALL FLSA CLAIMS (COUNTS I-III)

57.     At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

58.     The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in

the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

59.     Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.  At all relevant times, Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.

60.     During all relevant times to this action, Defendant was the "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA.  29 U.S.C. § 203(d).

61.     During all times relevant to this action, Plaintiff and all similarly situated employees were Defendant's "employees" within the meaning of the FLSA.  29 U.S.C. § 203(e).

62.     Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA.  Accordingly, Plaintiff and all similarly situated employees must be paid minimum wage in accordance with 29 U.S.C. § 206.

63.     Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  29 U.S.C. § 207(a).

64.     Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) applies here.

65.     Plaintiff and all similarly situated employees are victims of uniform or substantially similarly compensation policies and practices.

66.     Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of the Collective Action Complaint to the present date because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA. Under principles of equitable tolling or as otherwise warranted under applicable law, the effective date of consents to join this action by similarly situated employees should be deemed retroactive to the date of Plaintiff's filing of this Collective Action Complaint or such other date as may be determined by the Court.

67.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendant acted in good faith or with reasonable grounds in failing to pay minimum wage and overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

68.     As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees.  Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## COUNT I - FLSA (Unpaid Overtime & Minimum Wages)

### Arising Out of Defendant's Unlawful Time-Clock Rounding Policy

### (Brought Against Defendant by Plaintiff Individually and on Behalf of All Others Similarly Situated)

69.     Plaintiff, on behalf of herself and all others similarly situated, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

70.     Defendant violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

71.     Specifically, as discussed above, Defendant utilizes an unlawful time-clock rounding policy that, when combined with its attendance and/or disciplinary policies, forces employees to work off-the-clock without being paid at the legal and applicable wage rates for both straight and overtime hours.

72.     Defendant's practice was to unlawfully and willfully fail to properly pay its hourly employees for all hours worked.

73.     WHEREFORE, on Count I of this Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

      a.     Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

      b.     Award Plaintiff and all similarly situated employees damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

      c.     Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

      d.     Award Plaintiff and all similarly situated employees pre-judgment and

post-judgment interest as provided by law;

e.     Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and

f.     Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

**COUNT II - FLSA (Unpaid Minimum Wages)**

**Arising Out of Defendant's Unlawful Tip Credit Notice Policy**

**(Brought Against Defendant by Plaintiff Individually and
on Behalf of All Others Similarly Situated)**

74.     Plaintiff, on behalf of herself and all others similarly situated, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

75.     Defendant violated the FLSA by failing to pay Plaintiff and all others similarly situated minimum wages for all hours worked in a workweek.

76.     Specifically, Defendant paid Plaintiff and others similarly situated below the federal minimum wage rate without complying with the "tip credit" rules required for an employer to pay a direct cash wage less than the federal minimum wage.

77.     In particular, Plaintiff and other similarly situated tipped employees were not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

78.     Defendant failed to comply with the notification requirements set forth within the express language of the FLSA and supporting federal regulations.  29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.59(b).

79.     As Defendant has failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions and is not entitled to claim a tip credit, Defendant has willfully violated federal law by failing and refusing to pay all minimum wages due and owing to Plaintiff and all other similarly situated employees.

80.     Defendant's practice was to unlawfully and willfully fail to comply with the requirements for its entitlement to a tip credit and therefore, Plaintiff and the similarly situated tipped employees were not properly paid minimum wages pursuant to the FLSA.

81.     WHEREFORE, on Count II of this Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

      a.    Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

      b.    Award Plaintiff and all similarly situated employees damages for unpaid minimum wages under 29 U.S.C. § 216(b);

      c.    Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

      d.    Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

      e.    Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and

f.      Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

### COUNT III - FLSA (Unpaid Overtime)

**Arising Out of Defendant's Miscalculated Regular Rate Calculation Policy**

**(Brought Against Defendant by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

82.      Plaintiff, on behalf of herself and all others similarly situated, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

83.      Defendant violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all overtime hours worked at one and one-half times the regular rate for all hours worked in excess of forty hours in a workweek.

84.      Specifically, the FLSA requires that employees are paid one and one-half times their "regular rate" of pay.  The "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."  29 C.F.R. § 778.109.

85.      Federal regulations provide that "a tipped employee's regular rate of pay includes the amount of tip credit taken by the employer … Any tips received by the employee in excess of the tip credit need not be included in the regular rate."  29 C.F.R. § 531.60.

86.      In calculating Plaintiff's and other similarly situated employees' overtime pay, Defendant first subtracted the tip credit from the applicable minimum wage.  In other words, Defendant calculated the overtime rate by multiplying one and one-half times the lower direct cash wage being earned.  As a result, Plaintiff's and other similarly situated employees' overtime pay was not based on the proper regular rate of pay under the FLSA.

18

87.     WHEREFORE, on Count III of this Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

      a.     Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

      b.     Award Plaintiff and all similarly situated employees damages for unpaid overtime wages under 29 U.S.C. § 216(b);

      c.     Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

      d.     Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

      e.     Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and

      f.     Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all the issues so triable.

## **CERTIFICATION**

It is hereby certified that, pursuant to L.Civ.R. 11.2, the matter in controversy was originally within the putative scope of an action pending in the United States District Court for the Eastern District of Missouri, *MacMann v. Tropicana Entertainment, Inc.*, et al., Case No. 4:19-cv-00404-RWS.  Defendants in the *MacMann* action (neither of which is a Defendant in the instant action), however, objected to inclusion of Tropicana Casino Resort in Atlantic City in the *MacMann* action and insisted that any suit involving that casino be brought in New Jersey and against the Defendant named in this action Tropicana Atlantic City Corp. d/b/a Tropicana Casino Resort (which is not a Defendant in the *MacMann* action).  It is expected that the few employees from Tropicana Casino Resort in Atlantic City that filed a pre-certification Consent to Join in the *MacMann* action will have their Consents to Join transferred or otherwise re-filed in the instant action.  In all other respects, to the best of Plaintiff's counsel's knowledge, the matter in controversy is not presently the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  June 5, 2020

s/ R. Andrew Santillo
**WINEBRAKE & SANTILLO, LLC**
R. Andrew Santillo, Esq. (NJ ID #025512004)
Mark J. Gottesfeld, Esq. (NJ ID #027652009)
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Telephone:    215-884-2491
Facsimile:    215-884-2492
Email:  asantillo@winebrakelaw.com
Email:  mgottesfeld@winebrakelaw.com

**STUEVE SIEGEL HANSON LLP**
George A. Hanson, Esq.
*pro hac vice application forthcoming*
Todd M. McGuire, Esq.
*pro hac vice application forthcoming*
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:    816-714-7100
Facsimile:    816-714-7101
Email:  hanson@stuevesiegel.com
Email:  mcguire@stuevesiegel.com

**McCLELLAND LAW FIRM, P.C.**
Ryan L. McClelland, Esq.
*pro hac vice application forthcoming*
Michael J. Rahmberg, Esq.
*pro hac vice application forthcoming*
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068
Telephone:    816-781-0002
Facsimile:    816-781-1984
Email:  ryan@mcclellandlawfirm.com
Email:  mrahmberg@mcclellandlawfirm.com

**COUNSEL FOR PLAINTIFF**

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **BONNIE J. PASQUALE, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br><br>**TROPICANA ATLANTIC CITY CORP. d/b/a TROPICANA CASINO RESORT,**<br><br>**Defendant.** | **Case No.** |

## <u>CONSENT TO JOIN</u>
### Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

    **I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Defendant Tropicana Atlantic City Corp. d/b/a Tropicana Casino Resort, and any other associated entities ("Defendants").  If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime.  By joining this lawsuit, I designate the Named Plaintiff(s) as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law.  I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable.  For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP and McClelland Law Firm, P.C., and any other attorneys with whom they may associate.

05/19/2020
_____
Date

*Bonnie J. Pasquale*
_____
Signature

Bonnie J. Pasquale
_____
Full Legal Name (print)