[Dkt. No. 28]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BONNIE J. PASQUALE, *on behalf of herself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> TROPICANA ATLANTIC CITY CORP., <br><br> Defendant. | Civil No. 20-6909-NLH-KMW |

**ORDER**

This matter is before the Court on Plaintiff's Motion [Dkt. No. 28] seeking leave to amend the Complaint and substitute a new named plaintiff in the place of current Plaintiff, Bonnie J. Pasquale.  Defendant Tropicana Atlantic City Corporation opposes the Motion.  The Court has considered the submissions of the parties pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, Plaintiff's Motion is **GRANTED**.

I.    **Background**

Plaintiff, a table games dealer at Defendant's Tropicana casino, filed this putative collective action Complaint pursuant to the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, et seq., alleging that based on Defendant's casino-wide policies and procedures, it failed to pay Plaintiff, and other similarly

situated employees, the mandated federal minimum wage rate for all hours worked and overtime for all hours worked over 40 in a single workweek.

On February 25, 2021, Defendant attempted to depose Plaintiff, but was unable to complete the deposition because Plaintiff left the room following a line of questions regarding her past litigation history.  Plaintiff now seeks to amend her Complaint to substitute a new named plaintiff because she feels overwhelmed with her role as named plaintiff.  Plaintiff would like Jorge L. Rosa, a putative opt-in plaintiff, to take over as named plaintiff and she would like to revert to an opt-in plaintiff.

## II.  Discussion

### A. Legal Standard

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15.  Rule 15 provides that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Thus, leave should generally be granted absent undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The decision as to whether leave to amend a

complaint should be granted "is a matter committed to the sound discretion of the district court."  *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).[1]

## B. Analysis

Defendant opposes Plaintiff's Motion for three primary reasons.  First, Defendant argues that Plaintiff has not demonstrated good cause pursuant to Federal Rule of Civil Procedure 16 to modify the Court's Scheduling Order and allow Plaintiff's untimely amendment and substitution to proceed.  Second, Defendant argues that Plaintiff's proposed amendment is futile because courts have rejected putative opt-in plaintiffs' attempts to substitute as named plaintiff prior to conditional certification.  Third, Defendant argues it would be unduly prejudiced by the proposed amendment because it has focused its defense on Plaintiff and procedures and protocols applied to her department.  The Court addresses each of these arguments in turn.

### 1. Good Cause Under Rule 16

As discussed above, Rule 15 governs amendments to pleadings, providing that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(A)(2). However, where a scheduling

---

[1] Plaintiff also brings this Motion under Rule 21; both parties agree that courts within the Third Circuit have found the same standard applies to Rule 15 and Rule 21.  *See Sutton v. New Century Fin. Servs.*, No. 05-3125, 2006 WL 3676306, at *1 (D.N.J. Dec. 11, 2006).

order deadline is implicated, the Court addresses the proposed amendments pursuant to Rule 16's good cause requirement before addressing Rule 15. *See Prince v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010) ("once the pretrial scheduling order's deadline for filing motions to amend the pleadings passed, a party must, under Rule 16(b), demonstrate 'good cause' for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading.")  Thus, the Court must first address whether Plaintiff has established good cause pursuant to Rule 16, as the deadline to amend pleadings as set forth in the Court's December 11, 2020 Amended Scheduling Order has expired.[2]  Rule 16(b) provides that scheduling orders may be modified only upon a showing of "good cause" and with the Judge's consent. *See* Fed. R. Civ. P. 16(b)(4).

In September 2020, the Court entered a Scheduling Order outlining case management deadlines.  See Scheduling Order [Dkt. No. 19], Sept. 17, 2020.  The September 2020 Scheduling Order set forth a December 11, 2020 deadline to amend the pleadings or add new parties.  Id. at ¶ 3.  This deadline was never extended. Instead, when the parties raised the issue of amendment and substitution with the Court, it entered another Scheduling Order providing Defendant until March 19, 2021 to notify Plaintiff of

---

[2] Accordingly, the Court declines to find, as Plaintiff suggests, that the March 2021 Scheduling Order extended the deadline to amend pleadings or add new parties.  It merely provided leave to file the Motion.

4

its consent to substitute the named plaintiff. *See* Scheduling Order [Dkt. No. 27], March 15, 2021. Moreover, the Scheduling Order directed Plaintiff to file a motion seeking substitution on or before March 26, 2021, if Defendant failed to provide consent.[3] *Id.* Ultimately, on March 26, 2021, Plaintiff filed her present Motion.

Here, the Court finds good cause to permit Plaintiff's Motion to proceed. The arguments are straightforward. Plaintiff argues that she was diligent in seeking to amend the Complaint upon realizing that she would be unable to proceed as the named Plaintiff after becoming rattled and overwhelmed by the questions during the March 2021 deposition. Defendant argues Plaintiff cannot satisfy the good cause threshold because Plaintiff sought the amendment months after the deadline and knew (or should have known) at the outset of this litigation that a deposition would require her to divulge relevant information, including her litigation history. Thus, Plaintiff possessed the knowledge to amend sooner. The Court finds there are no facts before the Court establishing that Plaintiff could have anticipated her reaction to the deposition leading to her desire to no longer serve as the named Plaintiff. After the February 2021 deposition, Plaintiff exercised diligence in filing this Motion a little more than one

---

[3] The March 2021 Scheduling Order also directed that Plaintiff file her motion for conditional certification no later than August 13, 2021. *Id.*

month later.  Accordingly, the Court finds good cause to consider the merits of Plaintiff's Motion.

## 2. **Futility**

In determining whether a proposed amendment would be futile, the Court applies the same standard of legal sufficiency that applies to a motion to dismiss filed under Rule 12(b)(6). *Travelers Indemnity Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010).  When deciding a 12(b)(6) motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)); Fed. R. Civ. P. 12(b)(6).

The issue before the Court comes down to whether the amendment to substitute the named Plaintiff, who wishes to relinquish the title, is appropriate in this collective action that has not been conditionally certified.  Defendant argues that the amendment and substitution are futile because courts have rejected putative opt-in plaintiffs' attempts to substitute for a named plaintiff prior to conditional certification.  Def. Br. 8.  Defendant argues that in a putative FLSA collective action, putative opt-in plaintiffs do not become parties until the case has been conditionally

6

certified, notice has been sent to the opt-ins, and the opt-ins file their consent to join. *Id.* In support of its argument, Defendant cites *Berry v. Quest Diagnostics, Inc.*, No. 12-231, 2013 WL 3441792 (D.N.J. Jul. 8, 2013). In *Berry*, also a putative FLSA collective action, named plaintiffs were dismissed in favor of arbitration while the motion for conditional certification was pending, so counsel tried to substitute four individuals who filed consent-to-join forms. *Id.* at *2. The Court dismissed the case in its entirety because it lacked jurisdiction over the named plaintiffs' claims and the individuals who filed consent-to-join forms were not party plaintiffs since the motion for conditional certification was undecided at the time of dismissal. *Id.* at *3.

Defendant also relies on *Smith v. ERJ Dining, LLC*, No. 11-2061, 2013 WL 1286674 (N.D. Ill. Mar. 28, 2013), a putative collective and class action under the FLSA and Illinois law. In *Smith*, while the motion for conditional certification was pending, the plaintiff informed the court that she terminated the relationship with her attorney and sought to be removed as the named plaintiff for personal reasons. *Id.* at *2. While the *Smith* plaintiff wanted to remain as a putative class member, new counsel did not enter an appearance on plaintiff's behalf, she did not file a *pro se* appearance, and she demonstrated little, if any, interest in the case. *Id.* The *Smith* plaintiff's terminated counsel filed a motion to amend and to substitute the named

7

plaintiff with a putative class member, but the court rejected the motion on the premise that plaintiff's abdication of her role left a jurisdictional void requiring dismissal of the case. *Id.* at *5-6. The court noted that "once the FLSA claim in this case transitioned from a one-plaintiff claim to a no-plaintiff claim, neither [c]ounsel nor any of the putative collective action members had any role to play in advancing it in its present form." *Id.* at *6.

On the other hand, Plaintiff cites several cases wherein courts have permitted substitutions in FLSA collective actions pre-conditional certification. *See, e.g., Castillo v. United Rentals (N. Am.), Inc.*, No. C17-1573, 2018 WL 3429936 (W.D. Wash. Jul. 16, 2018)(allowing substitution where there was a live case and controversy and an immediately available replacement); *Thorn v. Bob Evans Farms, LLC,* No. 12-768, 2013 WL 2456336 (S.D. Ohio June 6, 2013)(granting the request for substitution and amendment and finding that same would serve the ends of justice in the case where plaintiff no longer sought to serve as named plaintiff due to health issues).[4]   Plaintiff notes that an important distinction

---

[4] Plaintiff references other cases, but the Court finds same factually distinguishable in that the collective actions in those cases were certified. Thus, presumably, individuals who opted in were party plaintiffs. *See Solis v. Crescent Drilling & Prod., Inc.*, No. 19-01194, 2021 WL 131333, at *1 (W.D. Tex. Jan. 14, 2021); *Green v. Platinum Restaurants Mid-Am., LLC*, No. 14-439, 2020 WL 1452724, at *1 (W.D. Ky. Mar. 25, 2020); *Lucas v. JBS Plainwell, Inc.*, No. 11-302, 2012 WL 12854880, at *1 (W.D. Mich. Mar. 8, 2012)(conditionally certified).  Indeed, at least one court within the Third Circuit has found that individuals are not party plaintiffs until conditional certification (and the requirements flowing from such certification) occurs.

between this case and the cases cited by Defendant is that Plaintiff has not been dismissed, nor has she withdrawn, from this case; she remains a party to the case and will continue as such until substitution is granted.

Based on the relevant authority reviewed by the Court, the Court finds that Defendant has not conclusively established that the amendment and substitution would be futile.[5]  "[W]hen the named plaintiff's claims remain live, and the named plaintiff merely seeks to withdraw as the representative, courts have allowed pre-certification substitution."  *See Castillo*, 2018 WL 3429936, at *3.  In *Castillo,* the named plaintiff sought to withdraw from the case and filed a motion to amend to substitute a potential opt-in plaintiff pre-certification.  *Id.* at *1-2.  The court concluded that it was appropriate to replace the sole-named plaintiff seeking to withdraw for personal reasons where he had not settled his claims or otherwise had his claims dismissed, the case and controversy remained active, he intended to become a member of the collective, and he was able to produce a proposed substitute immediately.  *Id*. at *3.

---

*See Beery v. Quest Diagnostics, Inc.*, No. 12-00231, 2013 WL 3441792, at *3 (D.N.J. July 8, 2013).  A motion seeking conditional certification has not been filed in this case to date.
[5] "[T]he burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility."  *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007).

The Court finds the same distinguishing facts present here –
Plaintiff Pasquale is still an active party, this is an active
case, and there is an individual – a potential opt-in – willing to
assume the role as named plaintiff.  Thus, the Court will allow
the substitution of Mr. Rosa in this pre-certification collective
action.  Notably, the Court's finding is consistent with the cases
relied upon by Defendant, especially *Berry* – a court within the
Third Circuit.  In *Beery* and *Smith*, substitution (or amendment)
was not permitted in pre-certification FLSA collective actions,
however, in both cases, the plaintiffs left jurisdictional voids.
In *Beery*, 2013 WL 3441792, plaintiff's claims were dismissed in
favor of arbitration; in *Smith*, 2013 WL 1286674, the plaintiff
terminated her relationship with her attorney, but failed to obtain
new counsel or enter her appearance *pro se*.  Both courts found
they were left without jurisdiction.  These jurisdictional voids
are not present here.  As such (and considering the fact that the
cases cited are not precedential in this Court), it is not apparent
that Plaintiff's proposed amendments and substitution are futile;
thus, the Court will permit the substitution of Mr. Rosa for the
named Plaintiff and the amendments outlined in the proposed amended
complaint.

The Court also finds that permitting the proposed amended
complaint is warranted and prudent pursuant to Rule 1 of the
Federal Rule of Civil Procedure.  That rule provides that the

Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The alternative to permitting the amendment and substitution would be for Mr. Rosa to file a separate action against Defendant utilizing the proposed amended complaint that is substantially similar to named Plaintiff's current Complaint. This scenario would lead to additional costs and inefficiencies that can be avoided by allowing the amendment and substitution.

### 3. Undue Prejudice

Finally, the Court declines to find that Defendant will be unduly prejudiced. Defendant argues that the essence of the Complaint revolves around Plaintiff's experience as a table games dealer and, as such, Defendant has focused its defense strategy on the review of Plaintiff's personnel file and investigating the procedures and protocols applicable to her department. Defendant argues that Mr. Rosa has never: been a table games dealer; performed the same duties as Plaintiff; reported to the same supervisors; and been subjected to the same policies and procedures as Plaintiff's department.

Prejudice is the touchstone for the denial of the amendment. Prejudice involves the serious impairment of the defendant's ability to present its case. *Formosa Plastics Corp., U.S.A. v. ACE*

5

*Am. Ins. Co.*, 259 F.R.D. 95, 99 (D.N.J. 2009)(citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir.1990)). "In deciding whether the proposed amendment would unfairly prejudice the [defendant], courts consider whether permitting the amendment would (1) require defendants to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay resolution of the dispute; or (3) prevent a party from bringing a timely action in another jurisdiction." *Id.* (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir.2004)). Here, it is apparent that Defendant would be inconvenienced by the amendment and forced to rethink its litigation strategy. However, Defendant has not raised any facts demonstrating that the amendment would seriously impair its ability to defend this case or cause it to expend **significant** additional resources. Indeed, the Court notes that the current Complaint alleges that Defendant's casino-wide policies and procedures violate the FLSA. Aside from changes to reflect Mr. Rosa's position, tenure, and pay, the proposed amendments to the Complaint are minimal and frankly insignificant. Notably, although Defendant has not deposed Mr. Rosa, it may do so now. Moreover, while Defendant contends, and the Court does not doubt, that it expended significant time and effort preparing for Plaintiff Pasquale's deposition, Defendant admits that it would still seek to depose her. Undue prejudice has not been established.

12

Accordingly, for the reasons set forth above,

IT IS this **4th** day of **October, 2021,** hereby

**ORDERED** that Plaintiff's Motion [Dkt. No. 28] seeking to amend the Complaint and substitute the named Plaintiff, Bonnie J. Pasquale, for Jorge L. Rosa, is <u>**GRANTED**</u>.  Plaintiff shall file the Amended Complaint in the form attached to the Motion within **fourteen (14) days** of the date of this Order and shall serve same in accordance with the Federal Rules.

<u>s/ Karen M. Williams</u>
KAREN M. WILLIAMS
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Noel L. Hillman