# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE L. ROSA, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>     v.<br><br>TROPICANA ATLANTIC CITY CORP. d/b/a TROPICANA CASINO RESORT,<br><br>        Defendant. | No. 1: 20-cv-06909<br><br>**OPINION** |

**<u>APPEARANCES</u>**:

MARK JUSTIN GOTTESFELD
R. ANDREW SANTILLO
Winebrake & Santillo, LLC
Twining Office Center
Suite 211
715 Twining Road
Dresher, PA 19025

*On behalf of Plaintiff.*

COURTNEY JANAE PETERSON
Bryan Cave Leighton Paisner, LLP
1290 Avenue of the Americas
New York, NY 10104

*On behalf of Defendant.*

**O'HEARN, District Judge.**

This matter comes before the Court upon the appeal (the "Appeal") of Defendant,

Tropicana Atlantic City Corporation d/b/a Tropicana Casino Resort ("Tropicana") (ECF No. 40)

from the decision of Magistrate Judge Williams[1] (the "Order") granting Plaintiff Bonnie Pasquale's ("Pasquale") Motion to Amend the Complaint and substitute the lead plaintiff (ECF No. 38). The Court did not hear oral argument pursuant to Local Civil Rule 78.1. For the reasons stated herein, the appeal is **DENIED**.

## I.     BACKGROUND AND PROCEDURAL HISTORY

On June 5, 2020, Pasquale filed a Complaint alleging collective action claims under the Fair Labor Standards Act ("FLSA") against Defendant, Tropicana on behalf of herself and others similarly situated. (ECF No. 1). Pasquale's deposition was scheduled on February 25, 2021; however, the deposition was not able to be completed as she became emotionally overwhelmed and was unable to continue with her deposition. (ECF No. 28-2 at 2). Thereafter, on March 26, 2021, Pasquale filed a motion seeking to amend the Complaint (the "Motion to Amend") to substitute Jorge L. Rosa ("Rosa") as the named plaintiff in this case, and Pasquale sought to revert to an opt-in plaintiff. (ECF No. 28). Tropicana opposed the Motion to Amend on three primary grounds. (ECF No. 29). Tropicana argued that (1) the amendment was untimely given the time period to amend the pleadings set forth in the Court's Scheduling Order (ECF No. 19); (2) the amendment was futile as it would deprive the Court of jurisdiction over the case since conditional certification has not yet been granted; and (3) Tropicana would be unduly prejudiced as it focused its entire defense on Pasquale and details related to her department and position of employment. (ECF No. 29). Magistrate Judge Williams rejected each of these arguments and granted the Motion to Amend. (ECF No. 38). On October 19, 2021, Tropicana filed its Appeal of the Order. (ECF No. 40).

---

[1] Former Magistrate Judge Karen M. Williams, now a United States District Judge, is referred to as Magistrate Judge herein as that was her role at the time that the Order was issued.

## II.   <u>LEGAL STANDARD</u>

"A United States Magistrate Judge may 'hear and determine any [non-dispositive] pretrial matter pending before the court.'" *Cardona v. General Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a). This Court exercises appellate review over the orders of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure ("Rule") 72(a), and Local Civil Rule 72.1(c). On appeal from such an order, the scope of this Court's review is narrow. Matters referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) are subject to two standards of review: (1) a clearly erroneous or contrary to law standard for non-dispositive matters, and (2) a *de novo* standard for dispositive matters. *NLRB v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992).

Tropicana's appeal characterizes the Magistrate Judge's Order in this case as "non-dispositive" and argues the clearly erroneous standard applies. (ECF No. 40-1 at 3). The Court agrees. A ruling is clearly erroneous where, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A ruling is 'contrary to law' when the magistrate judge has misinterpreted or misapplied the applicable law." *Romero v. Ahsan*, No. 13-7695, 2015 WL 5455838, at *3 (D.N.J. Sept. 16, 2015) (citing *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000)).

As the party filing the appeal, Tropicana bears the burden of demonstrating that the Magistrate Judge's decision was clearly erroneous or contrary to law. *Supernus Pharms., Inc. v. Actavis, Inc.*, No. 13-4740, 2014 WL 654594, at *1 (D.N.J. Feb. 20, 2014) (citing *Montana v. Cty. of Cape May Bd. of Freeholders*, No. 09-0755, 2013 WL 5724486, at *1 (D.N.J. Oct. 18, 2013)).

"Unless that burden is met, the magistrate judge's findings should not be rejected even if the district court could have decided the matter differently." *Evans v. Emp. Ben. Plan*, No. 03-4915, 2007 WL 77325, at *1 (D.N.J. Jan. 8, 2007) (citing *Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000) ("A district judge's 'simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review.'")); *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994).

## III.    ANALYSIS

Tropicana appeals from the Magistrate Judge's decision granting the Motion to Amend. Motions to amend are governed by Rule 15 which provides that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). The decision whether to grant leave to amend a complaint is "a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). A court may exercise its discretion to deny a motion to amend "if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser*, 352 F.3d at 116. As noted by the Magistrate Judge, while Pasquale brought the Motion to Amend under Rule 21, the same standard applies under either Rule 15 or Rule 21. (ECF No. 38 at 3 n.1).

### A.    Timeliness

As to Tropicana's argument that the Magistrate Judge erred in granting the Motion to Amend because the time period to amend the pleadings set forth in the Scheduling Order had passed, the Court finds that the Magistrate Judge's analysis and decision finding good cause to permit the amendment under Rule 16 was sound and not clearly erroneous or contrary to law.

There are no facts to suggest that the Pasquale or her counsel knew or should have known she would be unable to complete a deposition. As such, no further discussion on this issue is warranted.

    **B.    Futility**

    As to Tropicana's argument that the Magistrate Judge erred in granting the Motion to Amend because any such amendment would be futile, the Court finds the Magistrate Judge's decision was not clearly erroneous or contrary to law.

    In determining whether a proposed amendment would be futile, the Court applies the same standard as when evaluating a motion to dismiss under Rule 12(b)(6). *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010). As framed by the Magistrate Judge, "the issue before the Court comes down to whether the amendment to substitute the named Plaintiff, who wishes to relinquish the title, is appropriate in this collective action that has not been conditionally certified." (ECF No. 38 at 6). Tropicana argues the Magistrate Judge's decision determining that the proposed amendment was not futile was clearly erroneous. (ECF No. 40-1 at 6–8). Tropicana relies upon *Beery v. Quest Diagnostics, Inc.*, No. 12-00231, 2013 WL 3441792 (D.N.J. July 8, 2013), a decision from a sister court in this District which is not binding upon this Court. Nevertheless, the critical distinction that this Court finds in this case, that was not present in *Beery*, is that at the time of the Motion to Amend, Pasquale remained a viable plaintiff in the case. Pasquale's claim had not been dismissed by the Court or otherwise extinguished. Unlike the plaintiffs in *Beery*, where the named plaintiffs' claims had already been dismissed from the case upon a motion to compel arbitration and there was never a motion to amend or other attempt to substitute prior thereto, *id.* at *1, at the time of the Motion to Amend in this case, Pasquale had a live, justiciable claim. The Court does not find *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013) to be binding under the facts of this case as that case too involved circumstances where the

named plaintiff's claim became moot. Further, the cases relied upon by the Magistrate Judge in permitting the substitution, *Castillo v. United Rentals (N.A.), Inc.*, No. 17-1573, 2018 WL 3429936 (W.D. Wash. July 16, 2018) and *Thorn v. Bob Evans Farms, LLC*, No. 12-768, 2013 WL 2456336 (S.D. Ohio June 6, 2013), are more persuasive and factually similar to this case. Quite simply, "'[W]hen the named plaintiff's claim is defective—say, for instance, the named plaintiff lacks standing—substitution of the named plaintiff is permissible only when the class or collective action has actually been certified.'" *Mills v. General Dynamics Information Technology, Inc*., No. 18-855, 2018 WL 6321588, at *3 (M.D. Fla. Dec. 3, 2018) (quoting *Castillo v. United Rentals*, 2018 WL 3429936, at *2–3). However, "'when the named plaintiff's claims remain live, and the named plaintiff merely seeks to withdraw as representative, courts have allowed pre-certification substitution.'" *Id.* Indeed, as another Court in this District has explained in the context of a class action case, "[n]umerous courts in this Circuit and around the country routinely allow pre-certification substitution of lead plaintiffs in a variety of circumstances." *Wilson v. Quest Diagnostics, Inc*., No. 18-11960, 2020 WL 401814, at *2 (D.N.J. Jan. 24, 2020) (granting motion to amend in putative class action to substitute different lead plaintiffs where plaintiff did not seek to drop her case but no longer wanted to remain as the lead plaintiff due to health concerns).

Finally, the Court agrees that Rule 1 further supports the grant of the amendment in this case.

### C.    Prejudice

As to Tropicana's argument of prejudice, the Court gives deference to the Magistrate Judge's decision in this respect given her familiarity with the allegations and discovery to date in the case. While Tropicana criticizes the Magistrate Judge's ruling that the prejudice was not significant to warrant the denial of the amendment, Tropicana provided no certifications or details

to support any claimed prejudice. Rosa was already an opt-in plaintiff in this case, documents related to Rosa's employment have already been produced in discovery, and Tropicana already intended to depose Rosa. The Magistrate Judge's finding that any prejudice was not substantial enough to warrant denial of the amendment was not clearly erroneous.

IV.    **CONCLUSION**

For the reasons set forth herein, the Court **DENIES** Tropicana's Appeal of the Magistrate Judge's Order. (ECF No. 40). An appropriate Order accompanies this Opinion.

 */s/ Christine P. O'Hearn*
**Christine P. O'Hearn**
**United States District Judge**