**BRYAN CAVE LEIGHTON PAISNER LLP**
Courtney J. Peterson
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 541-2000
Fax: (212) 541-4630
courtney.peterson@bclplaw.com

Amanda E. Colvin (admitted *pro hac vice*)
Charles B. Jellinek (admitted *pro hac vice*)
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750
Tel: (314) 259-2000
Fax: (314) 259-2020
cbjellinek@bclplaw.com
amanda.colvin@bclplaw.com

*Attorneys for Defendant Tropicana Atlantic City Corp.
d/b/a Tropicana Casino Resort*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JORGE L. ROSA, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>TROPICANA ATLANTIC CITY CORP. d/b/a TROPICANA CASINO RESORT,<br><br>   Defendant. | Civil Action No. 1:20-CV-06909-CPO-MJS<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE THE DECLARATION OF NAMED PLAINTIFF JORGE L. ROSA**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**Motion Day: February 22, 2022** |

604803058

# **TABLE OF CONTENTS**

**Page**

I     INTRODUCTION ................................................................................................1

II    ARGUMENT .......................................................................................................2

    a.  Tropicana Atlantic City asked Plaintiff numerous questions at his deposition about his tip-credit-notice claim...................................................2

    b.  Plaintiff's Declaration is not consistent with his deposition testimony. ......4

    c.  Tropicana Atlantic City's request is supported by case law.........................8

III    CONCLUSION..................................................................................................11

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                               **Page(s)**

*Berndt v. Cleary Bldg. Corp.*,
   No. 11-cv-791-wmc, 2013 WL 3287599 (W.D. Wis. Jan. 25, 2013) ..................9

*Dreyer v. Altchem Envtl. Servs.*,
   No. 06-2393 (RBK), 2007 WL 7186177 (D.N.J. Sept. 25, 2007)........................9

*Friscia v. Panera Bread Co.*,
   No. 16-3754, 2018 WL 3122330 (D.N.J. June 26, 2018) ...............................8, 9

*Hall v. Guardsmark LLC*,
   No. 11-213, 2012 WL 3580086 (W.D. Pa. Aug. 17, 2012) ................................9

*Palma v. Metropcs Wireless, Inc.*,
   No. 8:13-cv-698-T-33MAP, 2013 WL 6597079 (M.D. Fla. Dec. 16, 2013) .....................................................................................................................10

*Siu Ching Ha v. 4175 LLC*,
   No. 15-5530, 2018 WL 1509090 (D.N.J. Mar. 27, 2018) ..................................9

*Xin Li v. Chinese Bodyworks, Inc.*,
   No. 18-11277, 2020 WL 468344 (D.N.J. Jan. 27, 2020) ...................................9

**I      INTRODUCTION**

Plaintiff Jorge Rosa ("Plaintiff") asserts that the declaration ("Declaration") he submitted in support of his Motion for Conditional Certification is "perfectly consistent" with his deposition testimony. Yet, the record clearly demonstrates otherwise. At his deposition, Plaintiff unequivocally (and repeatedly) testified he had virtually no knowledge about what, if any, information Defendant Tropicana Atlantic City Corp. d/b/a Tropicana Casino Resort ("Tropicana Atlantic City" or the "Company") conveyed to him regarding his tipped compensation. Yet, six minutes after that deposition concluded, Plaintiff signed the Declaration, attesting with absoluteness that the Company did not provide him with very specific pieces of information regarding his tipped compensation.

Plaintiff refuses to acknowledge the obvious contradiction between those two sources of testimony. Instead, Plaintiff blames any alleged inconsistencies on the Company's failure to ask him the right questions at his deposition. This argument is not supported by the deposition transcript. Plaintiff was given numerous opportunities at his deposition to explain what tip-credit information he did or did not receive from Tropicana Atlantic City. Yet, Plaintiff apparently had no recollection of any such information until he signed his Declaration six minutes after his deposition concluded.

Succinctly stated, the Court should grant the Company's Motion to Strike Plaintiff's Declaration ("Motion") as the document is unreliable and untrustworthy.

## II   ARGUMENT

### a.   Tropicana Atlantic City asked Plaintiff numerous questions at his deposition about his tip-credit-notice claim.

Plaintiff begins his opposition by claiming the Motion is nothing more than Tropicana Atlantic City's attempt to "penalize him for failing to answer questions at his deposition that Tropicana [Atlantic City] never asked him." Pl.'s Opp'n to Def.'s Mot. to Strike ("Opp.") (ECF No. 55), p. 1. Plaintiff goes on to note that the specific phrase, "tip credit," was not used during his deposition, and thus, according to Plaintiff, if "he was asked about this claim during his deposition at all, it was only incidentally." *Id.* pp. 1–2. Plaintiff's argument is disingenuous and negated by the record.

With regard to Plaintiff's tip-credit-notice claim, Plaintiff alleges that Tropicana Atlantic City did not provide him with various pieces of information related to his tipped compensation, including, among other things, the amount of his base hourly rate, his right to earn at least minimum wage, and his right to keep all tips he received except for a valid tip pooling arrangement. *See* Pl.'s First Am. Compl. (ECF No. 39), ¶¶ 37–43. Those are the exact subjects that Tropicana Atlantic City asked Plaintiff about at his deposition. *See, e.g.,* Declaration of Courtney J. Peterson ("Peterson Decl."), Ex. A, Relevant Excerpts from Plaintiff's

Deposition, 118:25–119:22 (inquiring about what information the Company provided Plaintiff regarding his base hourly rate); 119:17–120:15 (inquiring about whether Plaintiff understood that the Company could pay him less than minimum wage so long as he earned enough in tips to meet the minimum wage amount); 121:7–122:19 (inquiring as to whether the Company informed him that he was entitled to keep the tips he received).

Moreover, to ensure that the Company had a thorough understanding of Plaintiff's evidentiary support for this claim, Tropicana Atlantic City's counsel directly asked Plaintiff to articulate what, if any, information he recalled receiving from Tropicana Atlantic City regarding his tipped compensation: "Do you recall what specifically was told you as a beverage server . . . about your pay?" *Id.* 125:1–4. Considering Plaintiff bases his claim on the theory that the Company did not convey very specific information to him regarding his tipped compensation, it is hard to imagine how Tropicana Atlantic City's counsel could have asked a more direct question about Plaintiff's knowledge of and support for that claim. Yet, in response, Plaintiff unequivocally stated, "Don't remember." *Id.* 125:5.

Simply put, Plaintiff's attempts to blame Tropicana Atlantic City for the inconsistencies between his deposition testimony and Declaration are entirely unsupported and unavailing.

### b. Plaintiff's Declaration is not consistent with his deposition testimony.

Plaintiff purports to suggest that his Declaration is fully consistent with his deposition testimony. Plaintiff further argues that many of the alleged inconsistencies identified by Tropicana Atlantic City are not actually inconsistent if you consider the proper context of his deposition testimony. Yet, ironically, in making that argument, it is Plaintiff who fails to properly contextualize his deposition testimony.

For example, Plaintiff takes aim at Tropicana Atlantic City for noting the distinction between his deposition testimony—where he testified that he understood he could keep his tips excluding a "tip out" at the end of his shift and that his co-workers informed him of such fact—and his Declaration—where he definitively stated that the Company did not inform him of any such information. Opp. p. 3 citing Def.'s Brief in Supp. Of Its Mot. to Strike ("Brief") (ECF No. 53-3) p. 1. According to Plaintiff, there is no inconsistency between those two because "it is simply irrelevant as a matter of law in a tip credit notice claim that the employee was generally aware of statutory provisions, or even that he was informed of them by a third party, such as a fellow employee." *Id.*

By making that argument, Plaintiff fails to appreciate that, when entities speak or take action, they can only do so through their employees. As such, Plaintiff cannot claim the information he received about his tipped compensation from other

employees is irrelevant. To the contrary, here, such conversations are highly relevant because, for the vast majority of the limitations period, the Company satisfied its tip-credit-notice obligations, in large part, through verbal communications (which is permitted under the FLSA).

Similarly flawed is Plaintiff's suggestion that Tropicana Atlantic City improperly drew a distinction between Plaintiff's deposition testimony—where he stated that he could not remember if his supervisor informed him that he could keep all of his tips—with his Declaration—where he definitively stated that the Company never provided him with such information. Opp. p. 4 citing Brief pp. 1–2. Plaintiff claims that his deposition testimony, when "read in context," makes clear that he was "not actually asked about his supervisor talking to him about his right to retain his tips at all." *Id.* Attempting to support that contention, Plaintiff quotes a few sentences that immediately precede the relevant testimony about his supervisor. *Id.*

Tropicana Atlantic City agrees that proper context is important. But Plaintiff's opposition provides no such thing. Quite the opposite, Plaintiff omitted the beginning of the relevant deposition inquiry, which makes clear that the entire discussion revolved around how Plaintiff came to understand that he was entitled to keep all tips he received at the Company:

> **Q.  Did you keep all the tips that you received, personally?**
> A.  No. We had to tip the bartender, bar porter.
> Q.  Anybody else?
> A.  That's it.

604803058                                                                 5

| | |
|---|---|
| Q. | Okay. So short of tip – you call it tip out? |
| A. | Yes. |
| **Q.** | **Short of a tip out, the rest of that did you keep yourself at the end of each shift?** |
| A. | Yes. |
| Q. | There wasn't a tip pool that you participated in? |
| A. | No. |
| **Q.** | **Okay. How did you know that you were entitled to keep the tips that you earned in your shift? How'd you know that?** |
| A. | Because we had to tip everybody else. Not all of had to tip. |
| Q. | Tip out the bar porter and the bartender? |
| A. | Yes. |
| Q. | How did you know that? |
| A. | Cause it was common among the servers. It's procedure. |
| Q. | At some point when you were hired, did someone tell you that? |
| A. | Yes, we had to – it is common sense that you tip out the bartender. |
| Q. | Do you recall who told you that? |
| A. | All the co-workers. |
| **Q.** | **Do you recall if Mona talked to you about it?** |
| **A.** | **I don't remember.** |

Peterson Decl., Ex. A, 121:7–122:19 (emphasis added).

It is apparent from the above portion of Plaintiff's deposition transcript that Tropicana Atlantic City clearly inquired as to whether anyone informed Plaintiff that he was entitled to retain all tips he received. It is equally apparent that, in response to that inquiry, Plaintiff confirmed that certain employees conveyed such information to him but he could not remember whether his supervisor was a part of those discussions. Yet, six minutes after his deposition concluded, Plaintiff definitively attested in his Declaration that Tropicana Atlantic City never informed him of such fact. *See* Mem. in Supp. of Pl.'s Mot. for Conditional Certification ("Pl.'s Memo"), Ex. 3, Decl. of Jorge L. Rosa ("Rosa Decl.") (ECF No. 45-5), ¶ 8.

Plaintiff's contention that "there is no contradiction" between the former and the latter is simply inaccurate. Opp. p. 5.

Equally baseless is Plaintiff's assertion that his deposition testimony and Declaration fully align with regard to his knowledge of his base hourly rate. In his Declaration, Plaintiff specifically averred that he "was paid a base hourly rate that was less than $7.25 per hour." Pl.'s Memo, Ex. 3, Rosa Decl. ¶ 3. Plaintiff claims this is "exactly" what he testified to at his deposition. Opp. p. 5. In support of that contention, Plaintiff cites to the portion of the deposition transcript where he first testified that he "did not remember" if the Company told him the amount of his base hourly rate and then subsequently testified that he "*believed*" his base hourly rate was below minimum wage. *Id.*

It is entirely unclear how that deposition testimony comports with Plaintiff's Declaration. Tropicana Atlantic City assumes Plaintiff takes the position that, because he testified at his deposition that he "*believed*" his base hourly rate was less than minimum wage, it makes sense that he would subsequently declare that his base hourly rate was less than $7.25. But that presumes Plaintiff understands that the federal minimum wage is $7.25. He does not. At his deposition, Plaintiff incorrectly stated that the federal minimum wage was "seven" and then went on to testify that he "*guess[ed]*" he was paid a base hourly rate that was less than minimum wage. Peterson Decl., Ex. A, 120:5–7.

To state the obvious, it is inconceivable that Plaintiff would state the incorrect amount of the federal minimum wage at his deposition (and need to "guess" and "believe" that he was paid lower than such amount), but then gain perfect clarity on such issue six minutes after his deposition concluded. This inconsistency clearly illuminates the unreliability of the Declaration.

The simple fact mandating exclusion of the Declaration remains unchallenged—that is, at his deposition, Plaintiff unequivocally testified he did not remember what Tropicana Atlantic City told him about his tipped compensation, and yet, six minutes after concluding that deposition, he attested with absoluteness that the Company did not provide him with very specific pieces of information regarding his tipped compensation. In other words, within a matter of minutes, Plaintiff went from being unable to recall anything at all on this issue to being able to recall very specific pieces of information that he did not receive. Plaintiff's opposition fails to provide any reasonable explanation for his sudden recollection.

    **c.    Tropicana Atlantic City's request is supported by case law.**

Plaintiff argues the Motion should be denied as it rests entirely on the "sham affidavit" doctrine, which courts in this District have refused to apply in this context. Opp. p. 6. Plaintiff's argument fails for several reasons.

As a preliminary matter, Tropicana Atlantic City plainly acknowledged in its Motion that at least one court in this District has declined to apply the sham-affidavit

rule to strike a declaration submitted in support of a motion for conditional certification. Brief p. 6, citing *Friscia v. Panera Bread Co.*, No. 16-3754, 2018 WL 3122330, at *16-17 (D.N.J. June 26, 2018). However, Tropicana Atlantic City explained the court's flawed reasoning in the *Friscia* opinion and noted that other courts in this Circuit have indeed applied the rule in this context. *Id.* (citing *Hall v. Guardsmark LLC*, No. 11-213, 2012 WL 3580086, at *34–35 (W.D. Pa. Aug. 17, 2012)). Given the patently obvious contradictions between Plaintiff's deposition testimony and Declaration, the Court would be justified in applying the sham-affidavit doctrine here.

However, contrary to Plaintiff's suggestions, the Motion does not require the Court to apply that doctrine to strike Plaintiff's Declaration. Rather, as the Motion makes clear, the Court need only apply the well-established and common sense rule that a declaration must be reliable and trustworthy. *See, e.g., Dreyer v. Altchem Envtl. Servs.*, No. 06-2393 (RBK), 2007 WL 7186177, at *8–9 (D.N.J. Sept. 25, 2007); *Xin Li v. Chinese Bodyworks, Inc.*, No. 18-11277, 2020 WL 468344, at *7–8 (D.N.J. Jan. 27, 2020); *Siu Ching Ha v. 4175 LLC*, No. 15-5530, 2018 WL 1509090, at *10 (D.N.J. Mar. 27, 2018). Courts have struck declarations that do not meet that standard, including declarations submitted in this particular context. *See, e.g., Berndt v. Cleary Bldg. Corp.*, No. 11-cv-791-wmc, 2013 WL 3287599, at *12-14

(W.D. Wis. Jan. 25, 2013) *and Palma v. Metropcs Wireless, Inc.*, No. 8:13-cv-698-T-33MAP, 2013 WL 6597079, at *16-17 (M.D. Fla. Dec. 16, 2013).

Plaintiff's Declaration is neither reliable nor trustworthy. The inconsistencies between the Declaration and Plaintiff's prior deposition testimony, alone, completely undermine the veracity of the document. However, the content of the document is not the only fact that renders the Declaration deficient. The timing of Plaintiff's execution of the Declaration's exclusion is equally important. As repeatedly noted herein, Plaintiff executed the Declaration <u>six minutes</u> after his deposition concluded—a fact that Plaintiff conveniently evaded in his opposition to the Motion. Such fact eliminates any doubt that the Declaration was prepared prior to Plaintiff deposition and demonstrates that Plaintiff executed the document solely to ensure that he had at least some "evidence" to support his request for conditional certification.

Plaintiff's Declaration is nothing more than a lawyer-driven ploy to keep Plaintiff's request for conditional certification alive. For that reason, and all of the other reasons stated herein (and in the Motion), the Declaration is devoid of credence and should be stricken.

## III     CONCLUSION

For the foregoing reasons, Tropicana Atlantic City respectfully requests this Court to strike the Declaration submitted by Plaintiff Jorge Rosa and disregard it as it considers his Motion for Conditional certification.

Dated: February 15, 2022          Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By:   *Courtney J. Peterson*
         Courtney J. Peterson
         1290 Avenue of the Americas
         New York, NY 10104-3300
         Tel: (212) 541-3187
         Fax: (212) 541-1487
         courtney.peterson@bclplaw.com

         Amanda E. Colvin (admitted *pro hac vice*)
         Charles B. Jellinek (admitted *pro hac vice*)
         One Metropolitan Square
         211 N. Broadway, Suite 3600
         St. Louis, MO 63102-2750
         Tel: (314) 259-2000
         Fax: (314) 259-2020
         cbjellinek@bclplaw.com
         amanda.colvin@bclplaw.com
         *Attorneys for Defendant Tropicana*
         *Atlantic City Corp. d/b/a Tropicana Casino*
         *Resort*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on February 15, 2022, a true and correct copy of the foregoing was electronically filed using the Court's CM/EMF system, and was thereby served through the Court's CM/ECF system upon the following registered users in this case:

Mark J. Gottesfeld
R. Andrew Santillo
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA  19025
Email: mgottesfeld@winebrakelaw.com

*Attorneys for Plaintiff*

and a true and accurate copy of the foregoing was served upon the following non-registered users via electronic mail:

| | |
|---|---|
| Ryan L. McClelland | George A. Hanson |
| Michael J. Rahmberg | Alexander T. Ricke |
| McClelland Law Firm, P.C. | Stueve Siegel Hanson LLP |
| The Flagship Building | 460 Nichols Rd., Suite 200 |
| 200 Westwoods Drive | Kansas City, MO  64112 |
| Liberty, MO  64068 | Email:   hanson@stuevesiegel.com |
| Email:  ryan@mcclellandlawfirm.com |            ricke@stuevesiegel.com |
|   mrahmberg@mcclellandlawfirm.com | |

By: *Courtney J. Peterson*