IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE L. ROSA, on behalf of himself and all others similarly situated, | : |
| | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| v. | : NO. 1:20-cv-06909- CPO-MJS |
| | : |
| TROPICANA ATLANTIC CITY CORP. d/b/a TROPICANA CASINO RESORT, | : **ELECTRONICALLY FILED** |
| | : |
| Defendant. | : |
| | : |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS
MOTION FOR CONDITIONAL CERTIFICATION**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS ................................................ 1

MOTION FOR CONDITIONAL CERTIFICATION ...................................................................... 1

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION ............................................................................................................... 1

ARGUMENTS AND AUTHORITIES..................................................................................... 2

I.      The Lenient Notice stage standard should apply but plaintiff satisfies the
        intermediate standard as well ............................................................................... 2

II.     Plaintiff's FLSA Tip Credit Notice Collective is similarly situated
        AND Should Be Conditionally Certified ................................................................. 3

        a.      The FLSA's tip credit notice requirements are well-established. ........................... 3

        b.      The tip credit notice collective is similarly situated in that Tropicana
                commonly failed to satisfy the FLSA's notice requirements................................... 4

        c.      Tropicana's deposition testimony from three of its current employees is
                irrelevant to the inquiry and underscores Plaintiff's arguments. ........................... 5

        d.      Tropicana's argument that Plaintiff must have personal knowledge of every
                other putative collective member's circumstances defies the statute,
                the case law, and common sense ........................................................................ 6

        e.      Tropicana's verbal notice argument is an after-the-fact attempt to create
                individual issues where none exist ....................................................................... 7

        f.      Tropicana's January 2020 remedial notice supports conditional certification ........... 8

III.    Plaintiff's Miscalculated Regular Rate Collective Should Be Conditionally Certified.... 10

CONCLUSION ................................................................................................................ 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Armstrong v. Weichert Realtors,*
    2006 WL 1455781 (D.N.J. May 19, 2006) .................................................................. 7

*Acosta v. Mezcal, Inc.,*
    2019 WL 2550660 n.7 (D. Md. June 20, 2019) .................................................... 4, 10

*Barrentine v. Arkansas-Best Freight Sys., Inc.,*
    450 U.S. 728 .......................................................................................................... 11

*Berger v. Perry's Steakhouse of Illinois, LLC,*
    430 F. Supp. 3d 397 (N.D. Ill. 2019) ..................................................................... 10

*Bowser v. Empyrean Servs.,* LLC,
    324 F.R.D. 346 (W.D. Pa. 2018) ............................................................................. 2

*Campbell v. City of Los Angeles,*
    903 F.3d 1090 (9th Cir. 2018) ............................................................................... 11

*Driver v. AppleIllinois, LLC,*
    917 F. Supp. 2d 793 (N.D. Ill. 2013) ....................................................................... 4

*Friscia v. Panera Bread Co.,*
    No. CV16-3754, 2018 WL 3122330 (D.N.J. June 26, 2018) .................................... 2

*Goodman v. Burlington Coat Factory,*
    2012 WL 5944000 (D. N.J. Nov. 20, 2012) ............................................................. 5

*Herring v. Hewitt Assocs., Inc.,*
    2007 WL 2121693 (D.N.J. July 24, 2007) ............................................................... 2

*Howard v. Second Chance Jai Alai LLC,*
    2016 WL 3883188 (M.D. Fla. July 18, 2016) .......................................................... 4

*James v. Boyd Gaming Corp.,*
    522 F. Supp. 3d 892 (D. Kan. 2021) .................................................................... 1, 8

*Julian v. MetLife, Inc.,*
    298 F. Supp. 3d 699 (S.D.N.Y. 2018) ...................................................................... 9

*Koenig v. Granite City Food & Brewery, Ltd.,*
    2017 WL 2061408 (W.D. Pa. May 11, 2017) ........................................................... 9

*MacMann v. Tropicana Ent., Inc.,*
    2021 WL 1105500 (E.D. Mo. Mar. 23, 2021) .......................................... 1, 8, 10, 11

ii

*Manning v. Goldbelt Falcon, LLC*,
    2010 WL 3906735 (D.N.J. Sept. 29, 2010) ............................................................... 2

*Novick v. Shipcom Wireless, Inc.*,
    946 F.3d 735 (5th Cir. 2020) ............................................................................................ 9

*Pearsall-Dineen v. Freedom Mortg. Corp.*,
    27 F. Supp. 3d 567 (D.N.J. 2014) .................................................................................... 2

*Perez v. Lorraine Enterprises, Inc.*,
    769 F.3d 23 (1st Cir. 2014) ......................................................................................... 4, 5

*Reed v. Empire Auto Parts, Inc.*,
    2015 WL 761894 (D.N.J. Feb. 23, 2015) ........................................................................ 7

*Reynolds v. Turning Point Holding Co., LLC*,
    2020 WL 7336932 (E.D. Pa. Dec. 14, 2020) .................................................................. 7

*Roberts v. Apple Sauce, Inc.*,
    945 F. Supp. 2d 995 (N.D. Ind. 2013) ............................................................................ 7

*Shala v. Dimora Ristorante, Inc.*,
    2016 WL 7386954 (D.N.J. Dec. 21, 2016) ..................................................................... 7

*Siu Ching Ha v. 4175 LLC*,
    2018 WL 1509090 (D.N.J. Mar. 27, 2018) ..................................................................... 7

*Sullivan v. PJ United, Inc.*,
    362 F. Supp. 3d 1139 (N.D. Ala. 2018) ........................................................................ 10

*Tyson Foods, Inc. v. Bouaphakeo*,
    577 U.S. 442 (2016) ....................................................................................................... 11

*White v. MPW Indus. Servs., Inc.*,
    236 F.R.D. 363 (E.D. Tenn. 2006) .................................................................................. 9

*Wintjen v. Denny's, Inc.*,
    2021 WL 734230 (W.D. Pa. Feb. 25, 2021) ................................................................ 4, 5

*Wintjen v. Denny's, Inc.*,
    2021 WL 5370047 (W.D. Pa. Nov. 18, 2021) ................................................................. 4

**Statutes**

29 U.S.C. § 203 .......................................................................................................................... 3

**Rules**

Federal Rule of Evidence 407 ............................................................................................... 8, 9

**Regulations**

29 C.F.R. § 516 .................................................................................................... 3, 10, 11

29 C.F.R. § 531 .................................................................................................... passim

## **INTRODUCTION**

Plaintiff Rosa has provided the Court with significant common evidence of two casino-wide wage practices at Tropicana that violate the Fair Labor Standards Act ("FLSA").  None of Tropicana's arguments in opposition change that conclusion.

With respect to Plaintiff's tip credit notice claim, the reality is that, until January 2020, Tropicana had *no policy* of providing its tipped employees notice of the FLSA's tip credit notice requirements.  This is a common, casino-wide FLSA violation.  And then, in January 2020 (after Plaintiff's counsel filed a similar lawsuit against its sister property), Tropicana issued a casino-wide written tip credit notice that *still* fell short.  District courts have routinely granted conditional certification of tip credit notice claims against casino operators on the same record before this Court, including several in the last year. *James v. Boyd Gaming Corp*., 522 F. Supp. 3d 892 (D. Kan. 2021) ("there is a common policy. It's [the defendant's] alleged common failure to follow the law. Surely, no one would expect defendants or any other company to inscribe as much onto a plaque for all of the world to see. That's not how omissions work."); *MacMann v. Tropicana Ent., Inc*., 2021 WL 1105500, at *2-3 (E.D. Mo. Mar. 23, 2021) (granting conditional certification of tip credit notice collective at Tropicana's sister property).

And Tropicana does not credibly contest conditional certification of Plaintiff's miscalculated regular rate collective.  Tropicana admits it calculates overtime for all sub-minimum wage tipped employees using their base wage as the regular rate of pay instead of the full minimum wage.  This violates the FLSA. 29 C.F.R. § 531.60; *see also MacMann,* 2021 WL 1105500, at *4 (certifying identical claim at one of Tropicana's sister properties).

Plaintiff's motion for conditional certification stands for the common-sense and unremarkable proposition that employees working under one roof at a single casino are treated

similarly when it comes to commonplace wage and hour issues. The Court should grant conditional

certification.

## <u>ARGUMENTS AND AUTHORITIES</u>

I. **THE LENIENT NOTICE STAGE STANDARD SHOULD APPLY BUT PLAINTIFF SATISFIES THE INTERMEDIATE STANDARD AS WELL**

In evaluating a first stage motion for conditional certification, courts in this district

normally "apply a 'fairly lenient standard to determine whether the plaintiff has met the 'modest

factual showing' necessary." *Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F. Supp. 3d 567, 570

(D.N.J. 2014). Tropicana urges the Court to depart from this rule and substitute a "heightened

standard of review", since the parties have engaged in some preliminary discovery. Doc. 52 at 9-

10. But the discovery conducted so far has been certification-related issues. *See* Joint Proposed

Discovery Plan, Doc. 16 at ¶ 8 (bifurcating discovery with Phase I focused on certification issues).

Moreover, "[d]istrict courts have generally found that a more heightened standard at the

conditional certification stage is not appropriate when discovery has not been concluded, no

plaintiffs have opted-in, and/or the case is not ready for trial." *Bowser v. Empyrean Servs.*, LLC,

324 F.R.D. 346, 351 (W.D. Pa. 2018). That is certainly the prevailing view of courts in this

district.[1] The Court should follow suit here, as discovery is still in its early stages, the case is

nowhere near ready for trial, and only a handful of additional plaintiffs have opted in prior to

notice. But even if the Court were to adopt a heightened standard, it would not alter the outcome,

as Plaintiff easily carries his burden either way.

---

[1] *See, e.g., Herring v. Hewitt Assocs., Inc.*, 2007 WL 2121693, at *4 (D.N.J. July 24, 2007) (declining to apply heightened standard when "discovery relating to the issue of certification has been conducted [but] discovery as a whole is not yet complete", three plaintiffs had opted in, and the case was not yet "ready for trial"); *Manning v. Goldbelt Falcon, LLC*, 2010 WL 3906735, at *2 (D.N.J. Sept. 29, 2010) (same); *Friscia v. Panera Bread Co.*, No. CV16-3754, 2018 WL 3122330, at *8 (D.N.J. June 26, 2018) (same).

## II.   PLAINTIFF'S FLSA TIP CREDIT NOTICE COLLECTIVE IS SIMILARLY SITUATED AND SHOULD BE CONDITIONALLY CERTIFIED

Tropicana raises a litany of arguments opposing conditional certification, many of which flow from a misunderstanding of the substantive requirements set out in FLSA section 3(m) and 29 C.F.R. § 531.59(b) and a desire to ignore its own admissions and documents. None of Tropicana's arguments have merit, and Plaintiff's tip credit notice collective should be certified.

### a.   The FLSA's tip credit notice requirements are well-established.

Tropicana argues that Plaintiff's explanation of the FLSA's tip credit requirements "rests entirely on the inaccurate notion that, in order to comply with the FLSA's tip-credit-notice requirements, an employer must essentially read each subsection of 29 C.F.R. § 531.59(b) verbatim", and instead that something less is required. Doc. 52 at 11-13.  But, nowhere in its analysis does Tropicana state what it contends *is* required to satisfy the FLSA. Tropicana then misconstrues case law that simply states employers must "inform" employees of the tip credit instead and need not "explain" it. But a company must *inform* its employees of the relevant provisions. Indeed, the word "inform" is drawn directly from the statute and the regulation themselves, which then set out the information about which tipped employees must be "informed." Tropicana's suggestions that something less is required has no basis in the law.

The FLSA allows an employer of tipped workers to pay an hourly wage below the statutory minimum if and only if "such employee has been informed by the employer of the provisions of [subsection 203(m)]. 29 U.S.C. § 203(m)(2)(A)(ii).  In 2011, the Department of Labor issued a regulation listing five specific notice items that an employer must provide before asserting a tip credit.[2] 29 C.F.R. § 531.59(b); *see also* 29 C.F.R. § 516.28(a)(3).

---

[2] Those are: "The amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the

3

District courts applying this regulation have required strict compliance with every provision of 29 C.F.R § 531.59(b). *See, e.g.*, *Acosta v. Mezcal, Inc.*, 2019 WL 2550660, at *8 n.7 (D. Md. June 20, 2019) (granting summary judgment for the employee finding the employer's claimed tip credit notice because "the evidence cited by defendants was "insufficient to show ... [they] affirmatively complied with 29 C.F.R. § 531.59(b)").[3]

This is also true in the Third Circuit. For instance, in *Wintjen v. Denny's, Inc*., the district court granted summary judgment in favor of the plaintiff even though only one of the five required notice items was missing. 2021 WL 734230, at *6 (W.D. Pa. Feb. 25, 2021). And in fact, the court went on to grant *class* certification (as well as FLSA conditional certification) under the more rigorous Rule 23 standard for an analogous tip credit notice claim under Pennsylvania law. *See Wintjen v. Denny's, Inc*., 2021 WL 5370047, at *15 (W.D. Pa. Nov. 18, 2021). The FLSA's tip credit requirements are well-established and Tropicana's arguments to the contrary have no basis in the statute, the regulation, or the case law.

### b. The tip credit notice collective is similarly situated in that Tropicana commonly failed to satisfy the FLSA's notice requirements.

In support of conditional certification, Plaintiff Rosa submitted evidence establishing that members of the proposed tip credit notice collective are similarly situated in numerous important respects. Doc. 45-1 at 9-20. These facts—based primarily on Tropicana's corporate representative

---

tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section." 29 C.F.R. § 531.59(b).

[3] *See, e.g.*, *Driver v. AppleIllinois, LLC*, 917 F. Supp. 2d 793, 803 (N.D. Ill. 2013); *Howard v. Second Chance Jai Alai LLC*, 2016 WL 3883188, at *2 (M.D. Fla. July 18, 2016); *Perez v. Lorraine Enterprises, Inc.*, 769 F.3d 23, 27 (1st Cir. 2014) (the "notice provision is strictly construed and normally requires that an employer take affirmative steps to inform affected employees of the employer's intent to claim the tip credit.").

testimony and casino-wide documents—warrant conditional certification.  As discussed in the opening brief, four other district courts have granted conditional certification of casino tip credit notice claims under similar circumstances. *See* Doc. 45-1 at 22-24. And they are underscored by Plaintiff Rosa's declaration testimony, in which he states that he was never given any of five pieces of information required by 29 C.F.R. § 531.59(b). *See* Doc. 45-5, ¶¶ 6-10.

Against this record and case law, Tropicana tries to change the law arguing it is Plaintiff's burden to show Tropicana is not entitled to the tip credit. Doc. 52 at 26-27. But the case law is clear: "[i]t is the employer's burden to show that it has satisfied all the requirements for tip-credit eligibility", and that "[a] failure to satisfy any of these requirements exposes the employer to liability." *Perez v. Lorraine Enterprises, Inc*., 769 F.3d 23, 27 (1st Cir. 2014); *Wintjen v. Denny's, Inc*., 2021 WL 734230, at *6 (granting summary judgment in favor of the plaintiff when the record was clear that one of the five requirements had not been met).

### c.    Tropicana's deposition testimony from three of its current employees is irrelevant to the inquiry and underscores Plaintiff's arguments.

To distract from the overwhelming evidence and case law supporting conditional certification, Tropicana cites to deposition testimony of its current employees that Tropicana selectively subpoenaed.[4] Doc. 52 at 21-22. Foremost, this testimony is irrelevant to the Court's inquiry at this juncture, as it is well settled that courts at the conditional certification stage do not consider contrary evidence, weigh conflicting testimony, or resolve the merits. *See Goodman v. Burlington Coat Factory*, 2012 WL 5944000, at *1-2 (D. N.J. Nov. 20, 2012).

Regardless, the actual testimony Tropicana elicited from its employees sheds no light on conditional certification, and a careful review of the testimony shows these employees were not

---

[4]  *See* Ex. 1, Deposition of Beverly Perna-Quinn, 101:9-18; Ex. 2, Deposition of Bruce D'Allessandro, 71:3-73:10; Ex. 3, Deposition of Elizabeth Cross, 68:16-71:12.

provided the information the FLSA requires. For example, Mr. D'Allessandro testified that he received "all the information he needed to understand his tipped compensation and he has never heard anyone express confusion about their tipped compensation." Doc. 52 at 22. But this has no bearing on whether Tropicana provided him with the information required by Section 3(m) and 29 C.F.R. § 531.59(b). Similarly, Ms. Perna-Quinn testified (consistent with Plaintiff's experience), that she was told she would be paid a sub-minimum base wage plus tips, and that she "understood" that Tropicana could make up the difference with customer tips. *See* Doc 51-3, 43:6–10; 45:7–18. But again, that testimony provides no information about whether Tropicana provided her with the five pieces of information required by the FLSA. Likewise, Ms. Cross, another of Tropicana's witnesses, offered no testimony of any sort to suggest Tropicana provided her information concerning the requirements set out in 29 C.F.R. § 531.59(b), save for the fact that the company was asserting a tip credit generally.[5]   The deposition testimony Tropicana subpoenaed is most relevant in that it shows that Tropicana could not find a single current employee to testify that he or she actually received the information required by the FLSA.

> **d.    Tropicana's argument that Plaintiff must have personal knowledge of every other putative collective member's circumstances defies the statute, the case law, and common sense.**

Tropicana argues that a plaintiff seeking conditional certification must have personal knowledge that other putative collective members suffered the same FLSA violation, even if (like here) the plaintiff has supported the motion with the defendant's admissions and documents. Doc. 52 at 13-21.  Tropicana's position has no basis in the statute or the case law and defies common

---

[5] Curiously, Tropicana highlights the fact that Ms. Cross answered in the affirmative when asked if she was given "proper" notice. Doc. 52 at 22; Ex. 3 at 33:22-34:3. But, of course, the relevant inquiry is whether Tropicana provided all notice *required by law*, not whether its notice was "proper" in the opinion of a current employee whose attendance it compelled.

sense. Plaintiff can show the proposed collective is "similarly situated" through uniform company documents, discovery responses, and corporate representative testimony, as Plaintiff has done here. *See, e.g., Goodman, v*2012 WL 5944000, at *3 (certifying collective based on defendant's corporate representative testimony and written documents).

And none of the cases Tropicana cites stands for the proposition that a plaintiff cannot support his or her motion for conditional certification with the defendant's admissions and documents.[6] Tropicana's tip credit-specific cases fare no better. *See* Doc. 52 at 20-21.[7] In this case, Plaintiff Rosa supported his motion for conditional certification with Tropicana's corporate representative testimony, Tropicana's written discovery responses, and Tropicana's own documents, in addition to his testimony—more than enough to support conditional certification.

**e.      Tropicana's verbal notice argument is an after-the-fact attempt to create individual issues where none exist.**

In his opening brief, Plaintiff outlined at great length why the casino-wide documents Tropicana claimed it relied on prior to January 2020 to provide tip credit notice were both common

---

[6] In *Armstrong v. Weichert Realtors*, the plaintiff's statement was the "sole piece of evidence in support of the motion for class certification." 2006 WL 1455781, at *1 (D.N.J. May 19, 2006). In *Siu Ching Ha v. 4175 LLC*, the motion for certification was supported only by the plaintiff's pleadings and affidavits. 2018 WL 1509090, at *3 (D.N.J. Mar. 27, 2018).  And *Reed v. Empire Auto Parts, Inc.*, is even further afield, wherein the court found that the plaintiff's own testimony actually undermined his case for conditional certification by "serv[ing] to highlight the fact that he is not similarly situated to other drivers." 2015 WL 761894, at *6 (D.N.J. Feb. 23, 2015).

[7] In *Reynolds v. Turning Point Holding Co., LLC*, the court found the lead plaintiff to be an outlier not similarly situated to her fellow employees because she, unlike others, did not receive the required notice through an online portal for onboarding new employees. 2020 WL 7336932, at *2, 9 (E.D. Pa. Dec. 14, 2020). There, unlike here, there was no contention that the notice procedure itself was legally deficient – only that it was not received by the plaintiff. *Id.* And the district court in *Shala v. Dimora Ristorante, Inc.*, denied conditional certification because "Plaintiff [] submitted no evidence—other than Plaintiff's own statements in his declaration—to support the existence of a companywide policy in violation of the FLSA." 2016 WL 7386954, at *3 (D.N.J. Dec. 21, 2016). Lastly, in *Roberts v. Apple Sauce, Inc.*, the court denied conditional certification because "[t]he only evidence in support of the statement regarding lack of notice is the Plaintiff's Affidavit." 945 F. Supp. 2d 995, 1004 (N.D. Ind. 2013)).

and deficient. Doc. 45-1 at 10-17.  Tropicana offers no response to this other than to say the law on tip credit notice is not what is contained in Section 3(m) and 29 C.F.R. § 531.59(b). Recognizing this deficiency, Tropicana now argues it had a policy of verbal notice and that the verbal notice changed from person to person. *See* Doc. 52 at 23-27.  This is both factually unsupported and legally irrelevant.  First, Tropicana has admitted it had no policy for providing tip credit notice, it did not train managers on providing tip credit notice, and it did not provide managers with a script to do so. *See* Doc. 45-3, 117:12-118:9.  Second, multiple district courts have certified casino tip credit notice collectives when faced with the same "verbal notice" argument. *See MacMann*, 2021 WL 1105500, at *3 ("oral notification by different managers is insufficient to defeat conditional certification"); *James*, 522 F. Supp. 3d at 909. Third, the requirements of Section 3(m) and 29 C.F.R. § 531.59(b) do not vary from employee to employee so Tropicana's suggestion that it is providing varied notice supports conditional certification because it suggests a failure to provide compliant notice.

### f.     Tropicana's January 2020 remedial notice supports conditional certification

The obvious inference to be drawn from Tropicana's decision to issue a written tip credit notice in January 2020 is that Tropicana did so after its sister property was sued for the same violation because it also committed the same violation.  Tropicana asks the Court to turn a blind eye to this commonsense conclusion by pointing to Federal Rule of Evidence 407, the rule barring admission of evidence of "subsequent remedial measures." Doc. 52 at 33 n.10. But Rule 407 has no application here and has in fact been specifically rejected in this context. *James*, 522 F. Supp. 3d 892, 911 (conditionally certifying tip credit notice collective after the defendant issued a common remedial tip credit notice and rejecting the casino's Rule 407 argument).[8]

---

[8] Tropicana's Fed. R. Evid. 407 argument fails for three reasons.  First, the Federal Rules of Evidence are inapplicable and do not limit or otherwise restrict the evidence a plaintiff may rely

Tropicana's January 2020 tip credit notice shows that the casino had a flawed policy of verbal notice and that it treated tipped employees similarly in distributing identical notices to them. *Koenig v. Granite City Food & Brewery, Ltd.*, 2017 WL 2061408 (W.D. Pa. May 11, 2017) (granting conditional and class certification of tip credit notice claims finding the employer's decision to issue "a written tip credit in 2016 and implementing [a] mandatory electronically signed policy in 2017 suggests a flawed policy of oral notification.").

Further, the January 2020 tip credit notice is *still* wrong. One of the five notice requirements is "the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer." 29 C.F.R. § 531.59(b). This information is not present on the tip credit acknowledgement forms, *see* Doc. 45-9; Doc. 45-10, and as a result, even after January 2020, Tropicana cannot avail itself to the tip credit protection from its minimum wage obligations.   In lieu of an individualized amount *actually taken* as to a given employee, the notice forms simply state the maximum amount Tropicana *could take*. Specifically, the forms state that "the Company is *entitled to claim* a tip credit of $7.87 per hour." Doc. 45-9; Doc. 45-10 (emphasis added). But one of the core purposes of the notice requirement is "to ensure that

---

upon to support a request for conditional FLSA certification. *See, e.g., White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006) (holding that evidence in support of certification need not meet the requirements of the Federal Rules of Evidence because there is no "possibility of final disposition at the conditional certification stage ... [as] the case proceeds with discovery."). Second, Rule 407's restriction on the admissibility of evidence of subsequent remedial measures to prove culpable conduct does not bar evidence—even at trial—of an employer taking measures to comply with the FLSA because federal law mandates such compliance and excluding such evidence does not further Rule 407's purpose. *Novick v. Shipcom Wireless, Inc.*, 946 F.3d 735, 740 (5th Cir. 2020). Third, Rule 407 allows for the admission of evidence of a subsequent remedial measure if offered for a purpose other to prove culpable conduct. In this context, courts routinely permit a plaintiff moving for conditional FLSA certification to point to evidence of an employer's decision to enact FLSA-compliant policies affecting specific groups of employees for the purpose of proving that such group of employees are similarly situated. *See, e.g., Julian v. MetLife, Inc.*, 298 F. Supp. 3d 699, 704 (S.D.N.Y. 2018).

Defendants 'go on the record' with the amount of cash wages, tip credit, and non-tip-credit tips" for its employees. *Sullivan v. PJ United, Inc.*, 362 F. Supp. 3d 1139, 1170 (N.D. Ala. 2018).[9] Indeed, an employer is required by law to issue new notice every time the amount of the credit changes due to pay fluctuations. 29 C.F.R. § 516.28. Tropicana's decision to issue a remedial tip credit notice in January 2020 supports conditional certification prior to that time and, because the remedial notice was flawed, supports inclusion of employees working through the present.

## III. PLAINTIFF'S MISCALCULATED REGULAR RATE COLLECTIVE SHOULD BE CONDITIONALLY CERTIFIED

Tropicana offers only a three-page response to Plaintiff's arguments in support of certification of his miscalculated regular rate claim. Tropicana ignores that an identical collective was certified in a case against Tropicana's sister property in St. Louis, Missouri based on the same uniform pay policies. *See MacMann*, 2021 WL 1105500, at *4 (granting both conditional certification and more rigorous Rule 23 class certification as well).

Tropicana cannot point to any instance where a similar claim was denied certification. Doc. 52 at 38-41. Instead, it repeats the same arguments about Plaintiff's lack of personal knowledge of the experiences of other members of the collective. But, for the reasons discussed *supra* Section II-d, personal knowledge of this nature is simply not required for collective certification. That is particularly true for a miscalculated regular rate claim, where proof of collective-wide liability is mechanical and can be established solely be reference to the company's own records and common policies. *See MacMann*, 2021 WL 1105500, at *4. (finding that "liability

---

[9] Multiple courts have found the failure to state the amount of the credit claimed itself to be sufficient to give rise to a violation. *See Berger v. Perry's Steakhouse of Illinois, LLC*, 430 F. Supp. 3d 397, 416 (N.D. Ill. 2019) (finding employer's notice deficient because it did not state "the amount of the tip credit claimed."); *Acosta v. Mezcal, Inc.*, 2019 WL 2550660, at *8 (D. Md. June 20, 2019) (finding violation of 29 C.F.R. § 531.59(b) because "Defendants offer[ed] no evidence that tipped employees were informed of the amount of the tip credit claimed by Defendants.").

would be determined solely by how the overtime rate is calculated" in certifying miscalculated regular rate collective).

Tropicana also argues that certification is complicated by the volume of the collective's pay records, which "would require the Court to comb through thousands of pages of documents and perform countless mathematical calculations." Doc. 52 at 40. But, as the court in *MacMann* noted, "[w]hile Defendant is correct that to adjudicate the claim, the Court would need to look at each individual's payment history, this analysis is only necessary to determine damages." 2021 WL 1105500, at *4. And variance in individualized damages does not defeat collective treatment of a claim. *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1116 (9th Cir. 2018).[10] Ultimately, Tropicana is required by law to keep records of the number of hours worked in a given week, as well as the amount of overtime paid. 29 C.F.R. § 516.2. This information will reveal the precise amount of overtime pay a given employee is owed under the FLSA, independently and irrespective of any other amounts owed pursuant to a collective bargaining agreement.[11]

It is undisputed that Tropicana used the wrong rate when calculating the overtime owed to its tipped workers, *see* Doc. 45-1 at 30-31, thereby causing them to be underpaid. Plaintiff's claim seeking recovery of these damages is easily proved in mechanical fashion on a collective-wide basis. It should thus be conditionally certified.

---

[10] So too for the company's argument about the records of union members subject to a collective bargaining agreement, which purportedly entitles such workers to extra pay for work over ten hours in a day. Doc. 52 at 40. But Plaintiff's claim does not seek recovery for time owed pursuant to the collective bargaining agreement, only time owed under the FLSA for hours worked over 40 in a workweek. *See Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739; 745 (1981).

[11] If Tropicana did not accurately record this information, Plaintiff is entitled to an inference in his favor as to the amount to time recoverable. *See, e.g.*, *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 456 (2016).

## CONCLUSION

For these reasons, Plaintiff requests that the Court grant conditional certification.

Dated:  February 15, 2022                    Respectfully submitted,

_s/ Mark J. Gottesfeld_
**WINEBRAKE & SANTILLO, LLC**
R. ANDREW SANTILLO, ESQ.
(NJ ID #025512004)
MARK J. GOTTESFELD, ESQ.
(NJ ID #027652009)
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Telephone:     215-884-2491
Facsimile:     215-884-2492
Email:  asantillo@winebrakelaw.com
Email:  mgottesfeld@winebrakelaw.com

**STUEVE SIEGEL HANSON LLP**
George A. Hanson, Esq., _pro hac vice_
Alexander T. Ricke, Esq., _pro hac vice_
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:     816-714-7100
Facsimile:     816-714-7101
Email:  hanson@stuevesiegel.com
Email:  ricke@stuevesiegel.com

**McCLELLAND LAW FIRM, P.C.**
Ryan L. McClelland, Esq.,
_pro hac vice_
Michael J. Rahmberg, Esq.,
_pro hac vice_
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068
Telephone:     816-781-0002
Facsimile:     816-781-1984
Email:  ryan@mcclellandlawfirm.com
Email: mrahmberg@mcclellandlawfirm.com

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2022, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

*s/ Mark Gottesfeld*

**COUNSEL FOR PLAINTIFF**