# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BONNIE J. PASQUALE, *on behalf of herself and all others similarly situated*, and JORGE L. ROSA,<br><br>        Plaintiffs,<br><br>    v.<br><br>TROPICANA ATLANTIC CITY CORP. *doing business as* TROPICANA CASINO RESORT,<br><br>        Defendant. | Civil Action<br>No. 20-06909<br><br>**OPINION** |

**Appearances:**

Mark Justin Gottesfeld
R. Andrew Santillo
WINEBRAKE & SANTILLO, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025

    *On behalf of Plaintiffs Bonnie J. Pasquale, Jorge L. Rosa, and all others similarly situated.*

Courtney Janae Peterson
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of The Americas
New York, NY 10104

    *On behalf of Defendant Tropicana Atlantic City Corp. doing business as Tropicana Casino Resort.*

**O'HEARN, District Judge.**

Pending before the Court are two motions: Plaintiff Jorge L. Rosa's Motion for Conditional Class Certification, (ECF No. 45), and Defendant Tropicana Atlantic City Corp.'s ("Tropicana") Motion to Strike the Declaration of Named Plaintiff Jorge L. Rosa, (ECF No. 53). The Court did not hear oral argument pursuant to Local Rule 78.1. For the following reasons the Court will **DENY** Defendant's Motion to Strike and **GRANT** Plaintiff Rosa's Motion for Conditional Class Certification.

I.   **FACTS AND PROCEEDURAL HISTORY**[1]

Plaintiff Rosa worked as a beverage server for Defendant at its casino property located in Atlantic City, New Jersey from August 2018 to October 2019. (Am. Compl., ECF No. 39 ¶ 9). His Amended Complaint alleges that Defendant uses an unlawful electronic time keeping system that rounds employees' time worked down resulting in failure to pay minimum wage and overtime, did not properly notice employees of its intention to take a tip credit, and miscalculated—and therefore underpaid—employees' overtime. (ECF No. 39 ¶¶ 3, 14–36, 39–40, 49).

The parties exchanged discovery requests relating to conditional certification and deposed Plaintiff, Tropicana's corporate representative, "one individual who submitted a consent-to-join

---

[1] Bonnie J. Pasquale was the original plaintiff in this action until Jorge L. Rosa was permitted to substitute and file an Amended Complaint in October, 2021. (Order Granting Motion to Substitute, ECF No. 38).

2

form and . . . several other individuals who qualify as putative collective members."[2] (Def. Br. in Opp. to Cond. Cert., ECF No. 52 at 5).

Plaintiff Rosa moved for conditional class certification on December 20, 2021, seeking the conditional certification of the following two proposed classes:

> a. **FLSA Tip Credit Notice Collective**: All hourly, non-exempt employees at Tropicana who were paid a direct hourly wage that was less than $7.25 per hour and for whom a tip credit was claimed at any time from three years prior to the filing of the original Complaint to the present.
>
> b. **FLSA Miscalculated Regular Rate Collective**: All hourly, non-exempt employees at Tropicana who were paid a direct hourly wage that was less than $7.25 per hour and worked more than 40 hours in any workweek from three years prior to the filing of the original Complaint to the present.

(ECF No. 45 at 2). In support of his Motion, Plaintiff Rosa primarily relies upon the deposition of Michael Pompei, who testified as corporate representative for Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6); Defendant's responses to interrogatories; Declaration of Plaintiff Rosa; and Defendant's tip reporting policy, Gaming Industry Tip Compliance Agreement, Wage and Hour posters, Tip Credit Acknowledgment forms, and new hire orientation PowerPoint. (ECF No. 45 Exhs. 1–9). Defendant opposed the conditional certification and moved to strike the Declaration of Plaintiff Rosa. (ECF Nos. 53).

## II.     LEGAL STANDARD

---

[2] The Court presumes Defendant is referring to Bruce D'Allesandro, Beverly Perna-Quinn, and Elizabeth Cross, whose deposition transcripts are attached to Defendant's brief. (ECF Nos. 51-2, 51-3, 51-4). For the sake of this Motion for Conditional Certification, the Court will focus on the evidence that Plaintiff has produced as the party with the burden of production. *Goodman v. Burlington Coat Factory*, No. 11-4395, 2012 WL 5944000, at *5 (D.N.J. Nov. 20, 2012); *see Barrios v. Suburban Disposal, Inc.*, No. 12-03663, 2013 WL 6498086, at *1 n.1 (D.N.J. Dec. 11, 2013) (declining to consider the declarations attached to the defendant's brief in opposition to conditional certification). The Court also notes that the three employee depositions produced by Defendant appear to focus on the merits of the case (whether Defendant properly informed the class of the tip credit notice) and it is therefore premature for the Court to consider these declarations at this time.

3

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). The statute grants "similarly situated" employees the right to sue in a collective action. 29 U.S.C. § 216(b).

The Third Circuit follows a two-step process when determining if a suit brought under the FLSA may proceed as a collective action. *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66 (2013). At the initial stage, "the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff." *Id.*; *see also Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016) ("Conditional certification, therefore, is not a true certification, but rather an exercise of a district court's discretionary authority to oversee and facilitate the notice process."). In the stage one analysis, Courts do not evaluate the merits of a plaintiff's underlying claims. *Clark v. Intelenet Am., LLC*, No. 18-14052, 2020 WL 831127 at *4 (D.N.J. Feb. 19, 2020) (citing *Maddy v. Gen. Elec. Co.*, 59 F. Supp. 3d 675, 681 (D.N.J. 2014)).

To meet this preliminary determination, a plaintiff must make a "modest factual showing" that the proposed class of employees is "similarly situated," *Steinberg v. TD Bank, N.A.*, No. 10-5600, 2012 WL 2500331, at *5 (D.N.J. June 27, 2012), meaning that they are "subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA," *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 538 (3d Cir. 2012); *see also Symczyk*, 656 F.3d at 193 (requiring a "factual nexus between the manner in which the employer's alleged policy affected [the plaintiff] and the manner in which it affected other employees"); *Manning v. Goldbelt Falcon, LLC*, No. 08–3427, 2010 WL 3906735, at *2 (D.N.J. Sept. 29, 2010), *reconsideration*

4

*denied*, No. 08–3427, 2011 WL 5828497 (D.N.J. Nov. 17, 2011) (holding that conditional certification is appropriate when "the plaintiff and the proposed representative class members allegedly suffered from the same scheme").

In deciding whether a preponderance of the evidence shows that the plaintiffs and the members of the class are "similarly situated," courts in this circuit consider: "(1) whether the plaintiffs are employed in the same corporate department, division, and location; (2) whether they advance similar claims; (3) whether they seek substantially the same form of relief; (4) whether they have similar salaries and circumstances of employment; and (5) whether they have similar or individualized defenses." *Ivanovs v. BAYADA Home Health Care, Inc.*, No. 17-01742, 2021 WL 3464771, at \*4 (D.N.J. Aug. 6, 2021) (citing *Casco v. Ponzios RD, Inc.*, 2021 WL 870709, at \*8 (D.N.J. 2021)).

This is a "fairly lenient standard," as this stage "occurs early in litigation when the [district] court has minimal evidence." *Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 78 (D.N.J. 2014). However, "a plaintiff cannot rely solely on the allegations in the complaint, and must instead provide factual support in the form of pleadings, affidavits, deposition testimony, or other supporting documents." *Steinberg v. TD Bank, N.A.*, No. 10-5600, 2012 WL 2500331, at \*6 (D.N.J. June 27, 2012).

If discovery has closed or the parties have engaged in substantial discovery such that the matter is ready for trial, the motion for conditional certification may be "more akin to the second stage," which requires the application of the second stage "stricter standard." *Tahir v. Avis Budget Grp., Inc.*, No. 09-3495, 2011 WL 1327861, at \*2 (D.N.J Apr. 6, 2011). Some courts have also applied an "intermediate standard" requir[ing] 'some factual showing that the similarly-situated requirement is satisfied,' 'as a result of the discovery as measured against the original allegations

5

and defenses'" when there has been substantial discovery but the case is not yet ready for trial. *Sloane v. Gulf Interstate Field Servs., Inc.*, No. 16-01571, 2017 WL 1105236, at *6 (M.D. Pa. Mar. 24, 2017) (quoting *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 827 (N.D. Ohio 2011)); *Skaggs v. Gabriel Bros., Inc.*, No. 19-02032, 2021 WL 254113, at *6 (M.D. Pa. Jan. 26, 2021) (collecting cases).

### III. DISCUSSION

#### 1. Motion to Strike

The Court will first address Defendant's Motion to Strike, (ECF No. 53), to determine whether it can consider the Declaration of Plaintiff Rosa in reviewing the Motion for Conditional Certification, (ECF No. 45). Defendant argues that Plaintiff Rosa's Declaration should be struck pursuant to the sham affidavit doctrine and because it is inconsistent and inherently unreliable. (Motion to Strike, ECF No. 53 at 5–7). Specifically, Defendant alleges that Rosa testified that he was not aware of the tip policy during his deposition but then in his Declaration stated that he received no information related to the tip policy. (Pla. Resp. to Motion to Strike, ECF No. 55 Exh. 1 at 122:11–19; ECF No. 45-3). For the reasons that follow, the Court will decline to strike the Declaration of the Plaintiff Rosa.

Plaintiffs are generally permitted to rely on affidavits or declarations to satisfy their burden at the conditional certification stage. *See Steinberg*, 2012 WL 2500331, at *6. These supportive documents cannot be based on inadmissible hearsay. *Kuznyetsov v. W. Penn Allegheny Health Sys., Inc.*, No. 09-0379, 2009 WL 1515175, at *3 (W.D. Pa. June 1, 2009). It is further insufficient for a plaintiff to rely on affidavits or declarations that make "blanket assertions" or offer information of which she has no personal knowledge. *Xin Li v. Chinese Bodyworks, Inc.*, No. 18-11277, 2020 WL 468344, at *3 (D.N.J. Jan. 27, 2020).

First, the Court doubts Defendant's reliance on the sham affidavit doctrine which is likely not applicable at this procedural posture. The sham affidavit doctrine allows a trial court to "disregard [a declaration that is inconsistent with prior deposition testimony] *at summary judgment* in deciding if a genuine, material factual dispute exists." *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (emphasis added); *but see Hall v. Guardsmark, LLC*, No. 11-213, 2012 WL 3580086, at *12 (W.D. Pa. Aug. 17, 2012) (using the sham affidavit doctrine to strike sections of the plaintiffs' declarations at the initial stage of conditional certification). The Court need not decide this issue, however, because even if the doctrine applies, the challenged declaration in this case does not contain inconsistencies that would lead to the conclusion that it is a sham.

Here, Plaintiff Rosa's certification is limited to that of which he has direct knowledge— the details of his own employment. (ECF No. 45-3). The certification is narrowly tailored to the topic of whether Defendant informed Plaintiff Rosa of the "tip credit." The Court's review of Plaintiff Rosa's deposition shows that he was never directly asked for the specific information he provided in the certification and therefore does not find an inconsistency.

For example, Defendant points to the following section of Plaintiff Rosa's deposition to argue that Plaintiff Rosa's response of "I don't remember" is inconsistent with his certification in which he asserts that Defendant never notified him of the "tip credit";

> Q. At some point when you were hired, did someone tell you that [you had to "tip out" the bartender]?
> A. Yes, we had to -- it is common sense that you tip out the bartender.
> Q. Do you recall who told you that?
> A. All the co-workers.
> Q. *Do you recall if [your supervisor] talked to you about it?*
> A. *I don't remember.*

(Motion to Strike, ECF No. 53 at 1–2; ECF No. 45-3 ¶ 6–7; Pla. Resp. to Motion to Strike, ECF No. 55 Exh. 1 at 122:11–19 (emphasis added)). It is clear to the Court however that the deposition

question of whether Plaintiff Rosa's supervisor talked to him about "tipping out" the bartender is different from his certification which asserts that Defendant did not notify Plaintiff Rosa that he had to retain all tips except for a valid tipping pool arrangement. (ECF No. 45-3 ¶ 8). Defendant's other arguments similarly lack merit and the Court therefore finds no inconsistency or inherent untrustworthiness that would require it to strike the declaration at this stage of the litigation.

As such, the Court will deny Defendant's Motion to Strike without prejudice as it may raise these arguments at stage two of the certification process or later upon a summary judgment motion.

### 2. Motion for Conditional Certification

Plaintiff Rosa has alleged that he has met the "fairly lenient standard" of showing that the members of the two proposed classes are similarly situated to him in that they were all subject to Defendant's unlawful practices of not notifying employees of the tip credit and miscalculating overtime, both of which violated the FLSA. (Motion for Cond. Cert. ECF No. 45 at 8–9, 20–21, 25–28). Defendant argues that Plaintiff has failed to show same under the stricter standard required because of the discovery provided in this case to date. (Def. Br. in Opp. to Cond. Cert., ECF No. 52 at 4–5).

The Court finds a stricter standard is not appropriate at this time and that Plaintiff Rosa has met the "fairly lenient standard" of showing that the members of both proposed classes are similarly situated.

### A. The Court Declines to Apply the Stricter or Intermediate Standard

Before turning to the merits, the Court will first address Defendant's argument that the Court should apply the stricter standard articulated by the Third Circuit in *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527 (3d Cir. 2012). (Def. Br. in Opp. to Cond. Cert., ECF No. 52 at 4–5). Courts in this Circuit do not apply the stricter stage two standard until discovery is closed and a case is "ready for trial." *Zanes v. Flagship Resort Dev., LLC*, No. 09-3736, 2010 WL 4687814, at *3 (D.N.J. Nov. 9, 2010). *Zanes*, No. 09-3736, 2010 WL 4687814, at *3 (citing *Herring v. Hewitt Assoc., Inc.*, No. 06–267, 2007 WL 2121693, at *4 (D.N.J. July 24, 2007)) ("When some discovery has been conducted and several plaintiffs have opted in, the case has moved beyond a typical stage one determination."); *Morisky v. Public Service Electric and Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000) (applying the stricter standard when discovery was almost entirely complete and "over 100 potential plaintiffs have already opted into this lawsuit."). Here, discovery has just begun—without even a scheduling order determining the close of discovery—and therefore this case is far from trial. Consequently, the application of the stricter standard is inappropriate.

The Court further rejects the argument that the proper standard in this case is intermediate—"require[ing] 'some factual showing that the similarly-situated requirement is satisfied,' 'as a result of the discovery as measured against the original allegations and defenses.'" *Sloane*, No. 16-01571, 2017 WL 1105236, at *6 (quoting *Creely*, 789 F. Supp. 2d at 827). Some courts in this Circuit have taken this approach when discovery has not closed but has provided significant information for the Court to review in deciding the substantive questions of class certification. *Skaggs*, No. 19-02032, 2021 WL 254113, at *6 (collecting cases). However, even acknowledging that some discovery has taken place in this case—including the depositions of Plaintiff and Defendant's 30(b)(6) representative—the courts that chose to apply an intermediate

9

standard were presented with much more. *See Kane v. Ollie's Bargain Outlet, Inc.*, No. 18-2261, 2020 WL 6889195, at *6 (M.D. Pa. Nov. 24, 2020) (applying the intermediate standard where "discovery included significant document production, depositions of three Plaintiffs, the exchange of interrogatories, a Rule 30(b)(6) deposition, and the exchange of declarations from Plaintiffs and 56 CTLs employed by Ollie's across various locations and states."); *Sloane*, No. 16-01571, 2017 WL 1105236, at *6-7 (applying the intermediate standard where "several months were set aside for discovery, . . . thousands of pages of documents have been exchanged, and . . . nearly twenty depositions have been taken"); *Skaggs*, No.19-02032, 2021 WL 254113, at *9 (applying the intermediate standard where "discovery included significant document production, depositions of Skaggs and two opt-in Plaintiffs, the exchange of initial disclosures and interrogatories, a Rule 30(b)(6) deposition, and the exchange of declarations from additional opt-in Plaintiffs and seven AMs employed by Gabe's across various locations and states."); *Bunyan v. Spectrum Brands, Inc.*, No. 7-0089, 2008 WL 2959932, at *4 (S.D. Ill. July 31, 2008) (applying the intermediate standard where there was "nearly ten months for discovery on the issue of whether the plaintiffs are similarly situated," "a substantial amount of discovery, . . . [and the parties] exchanged interrogatories, conducted depositions, and exchanged a large number of documents.").

At the request of the parties, discovery in this case was bifurcated—specifically limited to the conditional certification stage—and is far from closed. (Joint Proposed Discovery Plan, ECF No. 16 ¶ 8). Defendant has presented no evidence that there was any significant discovery related to whether the class members were sufficiently similarly situated. Further, this preliminary stage is just that: preliminary. Defendant maintains its ability to oppose certification or move to decertify the class with more discovery. As such, the Court will apply the lenient stage one standard to Plaintiff's Motion.

### B. Plaintiff Has Met His Burden to Conditionally Certify the Two Proposed Classes

*FLSA Tip Credit Notice Collective*. For the proposed FLSA Tip Credit Notice Collective ("Tip Credit Class"), the proposed members are employed by Defendant, work at the same location, and are subject to similar circumstances of employment. The proposed members would advance the same claim for which they have nearly identical relief. Plaintiff Rosa has provided evidence for—and Defendant has substantially admitted—a uniform practice of attempting to comply with the FLSA's tip credit obligations through the use of department-specific meetings, Gaming Industry Tip Compliance Agreements (GITCA), an onboarding PowerPoint shown to new employees, collective bargaining agreements, a tip reporting policy (as of June 2020), and postings. (Motion for Cond. Cert., ECF No. 45 at 10–11; Exh. 1, Pompei Dep. at 21:25–27:3). The members of the proposed Tip Credit Class who were employed during or after January 2020 were also collectively issued "tip credit acknowledgment forms." (Motion for Cond. Cert., ECF No. 45 at 10–11; Exh. 1, Pompei Dep. at 80:3–81:9). Plaintiff therefore alleges that he is similarly situated to the members of the proposed Tip Credit Class as they were all subject to Defendant's lack of an FSLA-compliant policy.

Courts in this circuit have certified classes in similar claims. *See, e.g.*, *Casco v. Ponzios RD, Inc.*, No. 16-2084, 2021 WL 870709, at *9 (D.N.J. Mar. 9, 2021), *reconsideration denied*, No. 16-2084, 2021 WL 3124321 (D.N.J. July 23, 2021) (granting final certification of tip credit notice collective and refusing decertification where the plaintiff "made the requisite showing that other tipped employees are 'similarly situated' because [Defendant] failed to give sufficient notice to its tipped employees that it used a tip credit to satisfy the FLSA's minimum wage requirement. That is, the tipped employees were subjected to a common employer practice that constitutes a violation of the FLSA."). Courts outside this circuit have also granted conditional certification on near

11

identical claims involving casino employees. *See, e.g., Wysincavage v. Penn Nat'l Gaming, Inc.*, Case No. 16-1063, 2017 WL 5129003, at *5 (S.D. Ohio Oct. 23, 2017) (conditionally certifying an FLSA collective of tipped employees at several casinos where the plaintiffs "presented a theory that Defendants, through their human resources written materials and practices, failed to notify employees of the tip credit taken by Defendants.").

Defendant argues that its employees were notified of the tip credit through verbal communications and that the wide variety of these verbal communications eliminates commonality among the class. (Def. Br. in Opp. to Motion for Cond. Cert., ECF No. 52 at 27). However, Plaintiff Rosa need not show the class was identical, it is sufficient for Plaintiff Rosa to show that the proposed class "suffered from the same scheme." *Manning*, 2010 WL 3906735, at *2. To accept Defendant's argument would serve to create a loophole—preventing the Court from ever granting certification of a class if any employer claims that it verbally notified employees of the tip credit—and disincentivizes the establishment of uniform policies for notifying employees of the tip credit. As such, the Court finds this argument unavailing.

Defendant further argues that the imposition of new tip notice acknowledgement forms in January 2020 eliminates Plaintiff's commonality with any employee who only worked for Defendant after January 2020 because the acknowledgement forms "undeniably satisfy any possible tip-credit notice obligations that the Company bears." (Def. Br. in Opp. to Cond. Cert., No 52 at 29). The Court notes, first, that it will not entertain this argument so far as it asks the Court to decide the substantive issue of whether the acknowledgement forms meets the FLSA tip notice requirements. *See Clark*, No. 18-14052, 2020 WL 831127 at *4. As it pertains to the conditional certification, the new tip policy issued in 2020 does not cure the deficit that Plaintiff alleges on behalf of the Tip Credit Class. The crux of Plaintiff's case is Defendant's *lack of a*

*sufficient policy* that complies with FLSA. No matter what policies Defendant alleges were in place, it is the common deficiency of them that binds Plaintiff and the proposed class together. See *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, at *913 (D. Kan. 2021) ("In a sense, there is a common policy. It's Boyd Gaming's alleged common failure to follow the law. Surely, no one would expect defendants or any other company to inscribe as much onto a plaque for all of the world to see. That's not how omissions work.").

Thus, the Court finds that Plaintiff Rosa has met his burden of providing sufficient factual evidence to show that members of proposed Tip Credit Class were similarly situated.

***FLSA Miscalculated Regular Rate Collective***. For the proposed FLSA Miscalculated Regular Rate Collective ("Miscalculated Rate Class"), the proposed members are also employed by Defendant, work at the same location, are subject to similar circumstances of employment, would bring the same claims, and seek the same relief. Plaintiff Rosa has provided evidence of Defendant's compensation policy—compensating all of its hourly, tipped employees for overtime using their base hourly rate—to support his claim. (Motion for Cond. Cert., ECF No. 45 at 27; Exh. 1, Pompei Dep. at 128:23–129:08, 134:09–135:5).

Defendant argues that there are different overtime triggers based on the different unions of which potential class members may belong—for example members of one union get overtime if they work over eight hours a day while members of another get overtime if they work more than forty hours a week—destroys the commonality of the class. However, Defendant admitted that overtime is calculated using an employee's base hourly rate and no employee is paid at a rate of more than one and half times his or her base hourly rate. (Motion for Cond. Cert., ECF No. 45 at 27; Exh. 1, Pompei Dep. at 138:1–138:18). The fact that employees may accumulate overtime in different ways does not change the fact that their overtime is all calculated the same way. Each

13

employee with overtime—regardless of how they accumulated it—will have suffered essentially the same injury under the same common scheme.

Defendant further contends that individually "analyz[ing] each putative collective member's pay stubs to determine whether each employee worked overtime in a given pay period" would be overly burdensome and should defeat conditional certification. The Court is unpersuaded by this argument because the need for fact-intensive analysis or individualized damages is not a relevant factor at this stage and does not preclude conditional certification. *See, e.g.*, *Barrios v. Suburban Disposal, Inc.*, No. 12-03663, 2013 WL 6498086, at *3 (D.N.J. Dec. 11, 2013) ("This "individualized inquiry" argument is properly addressed on a motion for final certification, not a motion for conditional certification.").

Thus, the Court again finds that Plaintiff Rosa has met his burden of showing that the members of the proposed Miscalculated Rate Class are subject to the same policies and procedures and are therefore sufficiently similarly situated.

For these reasons, the Court will grant Plaintiff Rosa's Motion for Conditional Certification.

### IV.     CONCLUSION

For the foregoing reasons, the Court will **DENY without prejudice** Defendant's Motion to Strike the Declaration of Named Plaintiff Jorge L. Rosa, (ECF No. 53), and **GRANT** Plaintiff

Rosa's Motion for Conditional Class Certification, (ECF No. 45). An appropriate Order will be entered.

Dated:  July 19, 2022

                                             s/ *Christine P. O'Hearn*
                                             **Christine P. O'Hearn**
                                             **United States District Judge**