IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE L. ROSA, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>TROPICANA ATLANTIC CITY CORP. d/b/a TROPICANA CASINO RESORT,<br><br>  Defendant. | CIVIL ACTION<br><br>NO. 1:20-cv-06909-CPO-EAP |

**ORDER AND JUDGMENT GRANTING**
**APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

On January 22, 2024, Plaintiff Rosa filed his Unopposed Motion for Approval of the Fair Labor Standards Act Settlement and supporting materials (ECF No. 120). In support of this motion, Plaintiff submitted a Memorandum of Law (ECF No. 120-1), the Collective Action Settlement Agreement ("Settlement Agreement") attached as Exhibit 1 (ECF No. 120-2), and the supporting Declaration of Alexander T. Ricke (Doc. 120-3) who is one of Plaintiff's counsel. Having reviewed the motion and supporting papers, the Court finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order and Judgment will have the same meaning as defined in the Settlement Agreement.

2. The Court has subject matter jurisdiction over this Litigation pursuant to 28 U.S.C. § 1331, including jurisdiction over all members of the Tip Credit Notice Collective and Miscalculated Regular Rate Collective certified by order dated July 19, 2022 (ECF No. 62), and defined as:

   a. **Tip Credit Notice Collective:** All hourly, non-exempt employees of Defendant who were paid a direct hourly wage that was less than $7.25 per

1

        hour and for whom a tip credit was claimed at any time from three years prior to the filing of the original Complaint to July 19, 2022 and who timely filed a Consent to Join the Litigation.

    b.    **Miscalculated Regular Rate Collective:** All hourly, non-exempt employees of Defendant who were paid a direct hourly wage that was less than $7.25 per hour and worked more than 40 hours in any workweek from three years prior to the filing of the original Complaint to July 19, 2022 and who timely filed a Consent to Join the Litigation.

3.    The Court finds that final collective certification of the above-referenced collectives is appropriate for the same reasons this Court previously granted conditional collective certification. *See* Opinion and Order, ECF Nos. 62-63 (granting Plaintiff's motion for conditional collective certification of both collectives). For the reasons set out in the Court's earlier Opinion and Order, the Court finds that members of the collectives are similarly situated and that final collective certification is appropriate for settlement purposes.

4.    The Court confirms the appointment of Plaintiff Rosa as representative of the collectives. The Court confirms the appointment of Plaintiff's counsel (the law firms of Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., and Winebrake & Santillo, LLC) as counsel for the collectives.

5.    The Court finds that the settlement terms memorialized in the Settlement Agreement, and filed with the Court (ECF No. 120-2), are fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act and should be approved. The Court finds that the Settlement Agreement should be approved for the reasons stated in Plaintiff's Memorandum of Law in Support of Plaintiff's Unopposed Motion for Approval of FLSA Settlement (ECF No. 120-1). The Court approves the release of claims in exchange for the settlement payments described in the Settlement Agreement as fair and reasonable resolution of a *bona fide* dispute.

6.    The cost of notice and settlement administration of up to $17,000 is approved and

shall be paid to the settlement administrator, Analytics Consulting, LLC, from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

7. The service payment to Plaintiff Rosa of $7,500, as set forth in the Settlement Agreement, is approved and shall be awarded and paid to Plaintiff Rosa from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

8. The Court approves the agreed award of attorneys' fees to Plaintiff's counsel in the amount of $697,500 to be paid separately by Defendant according to the procedures set forth in the Settlement Agreement. Further, the Court approves Plaintiff's counsel's request for reimbursement of costs and expenses in the amount of $39,465.50 from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

9. The Court approves the notice plan described in the Settlement Agreement.

10. Members of the collectives shall receive their settlement shares according to the allocation formula and procedures set forth in the Settlement Agreement.

11. This Court grants final approval of the Settlement Agreement.

12. This matter is dismissed with prejudice, without any cost to any of the parties except as provided in the Settlement Agreement. The Clerk is directed to enter judgment consistent with this Order.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: April 3, 2024

*Christine A. O'Hearn*
The Honorable Christine P. O'Hearn
U.S. District Judge